NEWCOMBE *v.* NEWCOMBE.

DIVORCE—ALIMONY—DECREE—MODIFICATION.

On appeal in divorce proceedings, the decree of the court below sustaining the validity of a separation agreement disposing of the property interests of the parties, but deducting $70 advanced to the wife by order of the court, will be modified by awarding her the full amount of the agreed settlement, and giving her a lien on plaintiff's farm to secure performance.

Appeal from Allegan; Cross, J. Submitted July 18, 1918. (Docket No. 108.) Decided September 27, 1918.

Bill by Christopher Newcombe against Catherine Newcombe for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Perle L. Fouch* (*Charles Thew,* of counsel), for plaintiff.

*Clare E. Hoffman,* for defendant.

OSTRANDER, C. J. The parties were married October 26, 1914, and lived together until March 12, 1917. The bill was filed March 19, 1917, and it is charged therein that plaintiff is 70 years of age and that the defendant claims to be 47 years old. No children were born of the marriage, there is very little property. Plaintiff charges that the defendant has been guilty of extreme cruelty in bestowing epithets, in the failure to perform the duties of a housewife, in threatening him with personal violence. Defendant, in her answer, professes affection for plaintiff and says that the interference of others is responsible for the breach in a domestic life which has been, and otherwise would have continued to be, reasonably com-

fortable. She denies the charge of cruelty, and asks that the bill be dismissed and a certain agreement of the parties, purporting to have been made for a separation and a division of property, be set aside as fraudulent.

Before his marriage to defendant, plaintiff was a bachelor, living on a 40-acre farm inherited from his father, possessing some, but not much, personal property, and owing a small debt secured by mortgage on the realty. Little appears about his antecedents, but he seems not to have gone far in bettering his fortune, and if the parties could contentedly live together there is reason for believing that he would live longer and fare better with defendant than he will without her and her assistance. Defendant was for more than three years before her marriage to plaintiff his housekeeper. She brought with her one son by a former marriage. She has sometimes done a man's work on the farm, and has managed, more or less, the disposition of the proceeds of the farm. That she has ever misappropriated plaintiff's money is not proven. The testimony given by the parties is conflicting, and that supplied by friends and neighbors does not tend very strongly to support the charges made in the bill. Plaintiff professes to be afraid of defendant—afraid of personal harm. He left her and his home March 12, 1917, complaining that she had threatened to kill him. In some way the prosecuting attorney and a deputy sheriff were informed that an attempt had been made by her to do him personal injury. The prosecuting attorney, upon investigation, found no occasion for official action and seems to have been at once engaged as counsel for plaintiff, for whom he was also a witness at the hearing.

On the 13th day of March, 1917, the parties executed a writing which in terms recites that they have separated and intend to live separate and are desirous

of settling property affairs. The defendant, in consideration of $450 and some other personal property, releases her right of alimony, dower rights, and claims to certain other specified personal property. It is probable that if carried out defendant will receive about $500 of value by this arrangement. She says it was procured by fraud, and by this she means, as her testimony is understood, that she was intimidated when she made the agreement by the prosecuting attorney, then her husband's solicitor, and was coerced into making it.

Testimony was given in open court, and the learned trial court found that plaintiff had sustained the material allegations in the bill and that defendant had been guilty of extreme cruelty. It was found that the aforementioned property settlement was a fair one and was not procured by fraud or duress, and that it ought to stand as a full settlement of property rights. A sum of money, $70, advanced to defendant by order of the court, is ordered to stand as a payment upon the $450 which, by the settlement, the plaintiff was to give to defendant.

Upon a review of the testimony, which it would profit no one to set out here, I agree with the conclusions that the divorce should be granted and that the property settlement ought to be approved. If she is to be believed, the effort to intimidate her and to force the settlement which was made is clearly made out. Independent of this, the action of the prosecuting attorney, counsel for her husband, was of a nature calculated to intimidate a weaker woman. I am not satisfied that it had this effect with the defendant. I find no reason for concluding that the sum advanced to defendant, pending the divorce suit, ought to be returned to plaintiff. Spouses may agree to live separate and apart from each other and may settle their property interests with that in view, but an agree-

ment to separate is not an agreement that either has cause for a divorce. An allowance in this case was proper to enable the defendant to live and to present in court her reasons why a divorce ought not to be granted to her husband.

The decree should be amended so as to allow to the defendant the benefit of the agreed settlement without diminution and so as to provide, if the sum of $450 has not been paid to defendant, that she have a lien upon plaintiff's farm to secure performance of the decree. In other respects, the decree is affirmed, without costs.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.