MEISENHEIMER *v.* PULLEN.

1. AUTOMOBILES—INTOXICATION—WRONG SIDE OF ROAD.

Intoxicated motorist who drove over on wrong side of street around parked truck and collided with car approaching from opposite direction *held*, guilty of negligence as a matter of law.

2. NEGLIGENCE—IMPUTED NEGLIGENCE—MINORS.

Negligence of driver of car owned by father of minor who suffered personal injuries as result of automobile accident is not imputable to minor.

3. SAME—CONTRIBUTORY NEGLIGENCE—DAMAGE TO PLAINTIFF'S CAR.

Contributory negligence of driver of plaintiff's car involved in automobile collision bars recovery for damages to the car itself.

4. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.

Plaintiff's driver who, upon seeing defendant's driver approaching from opposite direction on wrong side of city street at rapid rate of speed, merely released his accelerator and failed to apply brakes but allowed machine to continue into obvious danger *held*, guilty of contributory negligence barring recovery for damages to the car.

5. SAME—CONTRIBUTORY NEGLIGENCE—THREE IN FRONT SEAT.

Minor who rode in front seat of Ford tudor with driver and another person *held*, not shown to be guilty of negligence which contributed to accident under record presented.

6. SAME—LIABILITY OF OWNER.

Owner of car who permitted her husband to operate it *held*, liable in action for damages as result of his negligence notwithstanding her claim of ignorance of his use of car in locality where accident occurred (1 Comp. Laws 1929, § 4648).

7. APPEAL AND ERROR—REMANDED CASE—ASSESSMENT OF DAMAGES—JUDGMENT—COURT RULES.

In action for damages resulting from automobile collision, tried without jury, where judgment for defendants is vacated and case remanded for assessment of damages, judgment is ordered entered thereon pursuant to Court Rule No. 64 (1933).

Appeal from Kent; Perkins (Willis B.), J. Submitted January 17, 1935. (Docket No. 122, Calendar No. 38,075.) Decided May 17, 1935.

Case by Ed Meisenheimer, next friend of Evelyn Fortier, against Rosena Pullen and Denton S. Pullen for personal injuries received in a collision between two automobiles and for damage to automobile. Judgment for defendants. Plaintiff appeals. Reversed and remanded for assessment of damages for personal injuries. Affirmed as to property damage.

*Dunham & Sherk* (*Lloyd H. Cully,* of counsel), for plaintiff.

*Fred P. Geib,* for defendants.

NORTH, J. This is a suit arising from an automobile collision. It was tried by the court without a jury. Defendants had judgment and plaintiff has appealed.

Suit was brought by plaintiff as next friend of Evelyn Fortier, a minor. At the time of the accident Mrs. Fortier was Miss Evelyn Meisenheimer. She was riding in her father's Ford tudor which was being driven by William Fortier, to whom she was married before this suit was brought. The driver, Miss Meisenheimer and one other young lady occupied the front seat and a Miss Jensen occupied the rear seat. Defendant Denton S. Pullen was driving an automobile which belonged to his wife, Rosena Pullen, in an easterly direction on Bridge street in the city of Grand Rapids. About two blocks east of the point where Pullen entered Bridge street a truck was either standing backed up to the south curb line or was just backing into a driveway on the south

side of the street. This truck was headed somewhat to the northeast and extended practically to the south rail of a street car track located in the middle of the street. The street is 38 feet from curb to curb. As Pullen approached the truck he was driving somewhere from 15 to 50 miles per hour. The testimony has the usual degree of variance. Pullen, according to his testimony, when about 30 feet west of the vehicle which was crosswise of the street veered his automobile to the north and passed in front of the truck. In doing so his automobile went beyond the center line and onto the northerly side of the street. He testified that he lessened his rate of speed to some extent in passing in front of the truck. Practically at the same time Pullen headed his automobile in a northeasterly direction the car Fortier was driving approached from the east, fairly close to the north curb of the street and at the rate of approximately 15 miles per hour. The driver of the Fortier car evidently thought Pullen was going to continue his course along or across the northerly side of the street, and to avoid an apparent head-on collision Fortier turned his car sharply to his left. At that instant Pullen turned his automobile to his right and the collision occurred near the center line of the street.

Each driver saw the other car approaching. Pullen testified he saw the other automobile when it was 60 to 70 feet away from him but that he did not notice it again before the instant of collision. He was arrested immediately after the accident, later pleaded guilty to driving while intoxicated and served 30 days in jail. As before noted, there is wide variance in the testimony as to the speed at which Pullen was driving as he approached the truck. He placed it at 15 to 20 miles per hour.

Plaintiff's witnesses testified Pullen was driving 45 to 50 miles per hour and that his automobile was "weaving along" the street as it approached the point of accident.

This collision resulted from negligence. Under the record there is no question as to defendant Denton Pullen having been guilty of negligence that was a proximate cause of the accident. In passing the truck he went over onto the wrong side of the street in the face of approaching traffic without using the degree of care required by law, he was driving while intoxicated, and the collision resulted. We cannot agree with the trial judge who found that Pullen was free from actionable negligence, stating in his finding:

"There is no testimony to the effect that the rate of speed had anything to do with the collision."

Mrs. Fortier was a minor at the time of the accident. Her right to recover for personal injuries sustained is not affected by the negligence of the driver of her father's car. His negligence is not imputed to the injured minor. *Davis* v. *Railroad Co.*, 222 Mich. 239. But before suit Mrs. Fortier's father assigned to her his right to recover for damage to his automobile, and such recovery is sought in this suit. Contributory negligence, if any, of Mr. Fortier, the driver of this Ford automobile, would bar recovery for damages thereto. The trial judge was right in stating in his opinion:

"If he (Fortier) had kept on the right side of the road and continued on that side, it is perfectly apparent that there would have been no collision."

The question of whether Fortier was guilty of negligence or merely made an excusable error in his course of conduct must be determined in the light of

all the attendant circumstances.   Fortier claimed that he was suddenly confronted with a dangerous situation and acted as he thought best in the emergency.   *Schnurr* v. *Railway Co.,* 222 Mich. 591. Even so, he cannot relieve himself of responsibility for this accident if his own negligence materially contributed to bringing about the emergency.   There is no claim of right to recover on the theory of subsequent or discovered negligence, nor could there be under the facts of this case.   Fortier was an experienced driver.   He had ample opportunity to see Pullen approaching and testified that he did see him about a quarter of a block west of the point of accident.   The fact that the south side of the street was blocked was evident to all.   Fortier testified that Pullen was approaching at a rate of 45 to 50 miles per hour, and further:

"I noticed him take a sharp turn to the left,— well, to the north, and his car kind of skidded a bit, and he was over near the north curb, and he kept coming up the north side of the street close to the north curb just about as close as I was to it, and he was coming at quite a speed. * * * He was headed right straight into me, and at the last moment I took a sharp turn to the left.   I thought there was a possible chance."

But in spite of the apparent need of doing so, Fortier at no time applied the brakes to the automobile he was driving at approximately 15 miles per hour.   Instead, as he testified, he merely released his accelerator.   He allowed his machine to continue into an obvious danger and probable collision.   In so doing he was guilty of contributory negligence. It follows there can be no recovery for damage to the automobile he was driving.

Defendants assert that Mrs. Fortier was guilty of contributory negligence. This contention is contrary to the record. She was not guilty of any negligence which contributed to this accident.

It is contended in behalf of Mrs. Rosena Pullen, the owner of the automobile driven by her husband, that she cannot be held liable because she "did not know her husband was using the car over in the northwest part of the city." Mrs. Pullen permitted her husband to drive the automobile and she is liable under the statute. 1 Comp. Laws 1929, § 4648.

The judgment entered in the circuit court will be vacated, the case remanded for the assessment of damages by the trial judge, and judgment will be entered thereon in accordance herewith. Court Rule No. 64 (1933). Costs to appellant.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.