## TRIESTRAM *v.* WAY.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVI-
DENCE.

On appeal from judgment for defendant *non obstante veredicto*
for plaintiff, latter's version of the accident must be accepted
as true.

2. NEGLIGENCE—EMERGENCY—STANDARD OF CARE.

The standard of care required of one suddenly confronted with
an emergency does not vary merely because of the existence of
the unusual circumstances as the inquiry remains the same
as to whether the one sought to be charged with negli-
gence acted as a reasonably prudent man would act under
the same or similar circumstances.

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—
EMERGENCY.

In action arising out of collision between two automobiles travel-
ing at 45 or 50 miles an hour in opposite directions about 5:15
p. m. on a clear, bright, dry day in June on an east and west
highway with pavement 20 feet wide, with telephone poles
3 feet, and fence 6 feet, from south edge and gravel shoulder
with telephone poles 25 feet north of pavement, whether or not
plaintiff driver, driving easterly, and who saw defendant's car
approaching over half a mile away and veering to left side of
pavement, should have blown his horn, attempted to pass de-
fendant's car by abandoning the pavement on his side of the
highway and assumed hazard of striking a telephone pole or
the fence, stopped his car or followed any other procedure
rather than first going to left side of pavement and then to
right as defendant wavered, and in so doing, was guilty of
contributory negligence *held*, for jury notwithstanding plain-
tiff driver's testimony that he was acting in a calm, deliberate
manner immediately preceding the crash.

4. SAME—EMERGENCY—MOTORIST'S STATE OF MIND.

The existence or non-existence of an emergency does not neces-
sarily depend upon the state of mind of a motorist if the exist-
ence of facts presented a situation of sudden peril requiring

immediate action on his part to avoid a collision and fact that such deliberation as did take place was done in comparative calm would not deprive him of the benefit of the emergency doctrine.

5. SAME—WRONG SIDE OF ROAD—EMERGENCY.

Plaintiff motorist who was himself on his right side of the road and who observed defendants' car on the wrong side of the highway one-half to three-fourths of a mile away had a right to assume defendant driver would also be looking and would guide his vehicle back to the proper side of the road, hence plaintiff may not be said to have created an emergency situation in failing to take steps to avoid collision after such observation.

WIEST, C. J., and NORTH, J., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 15, 1938. (Docket Nos. 41, 42, Calendar Nos. 39,956, 39,957.) Decided October 3, 1938.

Separate actions of case by Clarence Triestram and John Triestram against Alfred W. Way and Orin B. Hayes, Inc., a Michigan corporation, for injuries sustained when automobile in which they were riding was struck by an automobile driven by defendant Way. Cases tried and appealed together. Verdicts for plaintiffs. Judgments for defendants *non obstante veredicto*. Plaintiffs appeal. Reversed and remanded for entry of judgments for plaintiffs on verdict.

*Fred A. Sauer,* for plaintiffs.

*Fox, Fox & Fox* and *Alexander, McCaslin & Cholette,* for defendants.

CHANDLER, J. On June 7, 1937, the plaintiff Clarence Triestram, with his father, plaintiff John

Triestram, as passenger, was operating an automobile, owned by the latter, in an easterly direction on highway US–12. When about a mile east of the village of Sandstone they were involved in a collision with another car owned by the defendant Orin B. Hayes, Inc., and operated by defendant Way. Both plaintiffs sustained injuries in addition to the damage to the automobile, their suits to recover damages therefor being tried together and resulting in a verdict against both defendants. The trial court granted defendants' motions for judgments *non obstante veredicto,* from which action plaintiffs take this appeal.

The highway at the place of collision has a concrete surface of 20 feet in width. On the south or plaintiffs' side is to be found a row of telephone poles located three and thirteen hundredths feet from the edge of the pavement and a fence located six and twenty-six hundredths feet therefrom. Immediately south of the fence is a ditch approximately three feet in depth. On the north or defendants' side of the road is a gravel shoulder extending some nine feet beyond the edge of the pavement while farther north at a distance of approximately 25 feet from the edge of the pavement is a series of telephone poles. The accident occurred on a clear, bright, dry day at about a quarter past five o'clock in the afternoon.

According to plaintiffs' version of the accident, and which must be accepted as true in disposing of this appeal, Clarence Triestram first observed defendants' car approaching from the east at a distance of one-half to three-fourths of a mile away. At that time it was being driven close to the center line of the pavement. As it approached, it gradually crossed the center line at an angle and con-

tinued on toward the south side of the pavement until it had reached the edge thereof. During this period, Clarence Triestram had continued to watch the action of defendants' car and testified that when the cars were about 60 to 80 feet apart he realized that a dangerous situation was presented and that to avoid an accident he turned his car sharply to the north side of the pavement, intending to pass defendants on the left; and that as he crossed the center line, defendants' car swerved back to the north and that he, in again attempting to avert a collision, then tried to return to the south side of the pavement but was unable to do so before being struck by defendants. He further testified that he was not excited at the time but that the course of action pursued by him was taken in a calm and deliberate manner for the purpose of avoiding a collision, it being his opinion at the time that because of the narrow shoulder on his side of the road he could not successfully pass defendants if he remained on that side. Both cars were traveling at a speed estimated to be between 45 and 50 miles per hour. Plaintiffs' car did not stop when defendants' car was first observed and the driver of plaintiffs' car had no recollection as to whether or not he sounded the horn when he saw defendants continue to approach on the wrong side of the pavement.

Plaintiffs seek to avoid the charge that they were guilty of contributory negligence in attempting to pass defendant on the wrong side of the road upon the ground that an emergency was presented which warranted the action taken. The trial court, in granting defendants' motions for judgment *non obstante veredicto,* ruled that they were guilty of contributory negligence, no emergency having existed for the reason that the driver of the Triestram

car was not excited at the time but acted in a calm and deliberate manner and failed to use other means at hand in an attempt to avert the impending disaster such as stopping the car or sounding the horn.

The standard of care required of one suddenly confronted with an emergency is a question frequently presented for consideration. Many cases are collected generally in the annotations in 24 A. L. R. 1308; 27 A. L. R. 1206; 79 A. L. R. 1295; and 111 A. L. R. 1030. The degree of care required in such situations, however, does not vary merely because of the existence of the unusual circumstances. The standard is neither higher nor lower, the inquiry remaining the same as to whether the one sought to be charged with negligence acted as a reasonably prudent man would act under the same or similar circumstances. *Loucks* v. *Fox,* 261 Mich. 338.

Under the facts presented by this case, it cannot be said as a matter of law that plaintiffs were guilty of contributory negligence in violating the law of the road in attempting to avoid a collision with defendants. Whether Clarence Triestram should have blown the horn, attempted to pass defendants by abandoning the pavement on his side of the highway and assumed the hazard of striking a telephone pole or the fence, stopped his car or followed any other procedure were all questions within the province of the jury in determining whether or not he acted as a reasonably prudent person in view of the existing circumstances.

The trial court believed no emergency existed because of the testimony of Clarence Triestram that he was acting in a calm and deliberate manner immediately preceding the crash. The existence or non-existence of an emergency did not necessarily depend upon the state of mind of Triestram. If the

existing facts presented a situation of sudden peril requiring immediate action, plaintiff's efforts to avoid the crash should be judged in the light of those facts and not by what it might later appear he should have done had he had the opportunity to reflect. He was obliged to make an immediate decision and merely because what deliberation took place was done in comparative calm should not of itself deprive plaintiffs of the benefit of the emergency doctrine.

Defendants also submit that even if an emergency did exist plaintiffs cannot rely thereon for the reason that they created the situation by not taking some steps to avoid the same after first observing defendants' car on the wrong side of the highway one-half to three-fourths of a mile away. Plaintiffs, however, after observing defendants' car, had the right to assume that the driver thereof would also be looking and would guide the vehicle to the proper side of the road. *Essenberg* v. *Achterhof,* 255 Mich. 55. Defendants created the situation by failing to do so.

Reversed and remanded for entry of judgment on the verdict rendered. Plaintiffs will recover costs.

BUSHNELL, SHARPE, POTTER, and McALLISTER, JJ., concurred with CHANDLER, J.


NORTH, J. (*dissenting*). From a review of the record in these two consolidated cases, I am of the opinion the judgments entered in the circuit court should be affirmed. The testimony abundantly supports the facts stated and sustains the conclusion reached by the circuit judge. We quote in part the opinion and ruling of the circuit judge in consequence of which the judgments *non obstante veredicto* were entered:

"Plaintiffs' cases in substance are, that on a straight, level trunkline highway, on a bright, clear, dry day, without any other traffic whatever, plaintiff, Clarence Triestram, as driver, observed defendants' car approaching from the opposite direction, on plaintiffs' half of the pavement, for a distance of one-half mile, without any apparent reason or excuse, and that plaintiff, Clarence Triestram, failed to slacken his speed, sound his horn, turn farther toward his side of the highway, or do anything to avert the collision until the two cars were within a few rods of each other, and that he then turned his car to the left; that defendants' car then immediately moved in the same direction, and that Triestram then turned to the right, and the collision occurred well on defendants' half of the highway.

"Thus did plaintiffs offer to excuse the collision with defendants' car on defendants' half of the pavement.

"Plaintiffs were not suddenly placed in a position of peril, nor truly confronted with a sudden emergency. Clarence Triestram was not confused nor excited while the two cars were approaching each other throughout practically the entire distance of one-half mile.

"Accepting plaintiffs' version of the transaction, it must have been apparent to Clarence Triestram in the ample opportunity for reflection afforded him, that the slackening of his speed or the sounding of his horn, or both, might reasonably avert the collision. He made absolutely no use of the means at hand for his own protection."

Under such a record it conclusively appears that notwithstanding the plaintiff driver, Clarence Triestram, had ample opportunity to exercise some degree of care and caution to avoid the consequences of a plainly impending danger, he did absolutely nothing to that end until it was too late. These

cars were approaching a head-on collision, with full knowledge of plaintiff driver, for a period of 20 to 30 seconds; but he took no precaution whatever to avoid disaster until less than one second of time prior to the impact, *i.e.* when the approaching cars were 60 to 80 feet apart. He was not frightened or excited. In thus failing to use that degree of care which a reasonably careful and prudent man would have used the plaintiff driver was guilty of negligence which conclusively contributed as a cause of this accident. If, as this record discloses, an emergency finally developed, the conduct of plaintiff driver, as well as that of defendant driver contributed to bring about this emergency, and under such circumstances neither of the parties plaintiff in this action can recover. *Luck* v. *Gregory,* 257 Mich. 562; *Meisenheimer* v. *Pullen,* 271 Mich. 509.

In his opinion Mr. Justice Chandler has said:

"The trial court believed no emergency existed because of the testimony of Clarence Triestram that he was acting in a calm and deliberate manner immediately preceding the crash."

I do not so understand the opinion of the trial judge. Instead the trial judge pointed out, as hereinbefore noted, that plaintiff driver was aware of the whole developing dangerous situation in ample time to have done something to have avoided disastrous consequences, and notwithstanding this the driver did nothing to avert the collision. Under such circumstances the trial judge held, and I think properly, that plaintiffs could not recover in this case on the theory of a sudden emergency; and in detailing the whole situation the circuit judge further noted that plaintiff driver was not excited but instead acted in a calm and deliberate manner.

This latter circumstance was a mere incident, and not the ground upon which the trial judge concluded plaintiffs were not entitled to go to the jury on the theory of a sudden emergency.

The judgments entered in the circuit court should be affirmed, with costs to appellees.

WIEST, C. J., concurred with NORTH, J. BUTZEL, J., took no part in this decision.