## JONES *v.* JONES.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—PLEADING.

> Wife's cross bill for separate maintenance which averred various illustrations of husband's improper association with other women during the course of their rather brief married life, his intoxication at various times and his concealment of affairs of business which resulted from their joint efforts *held,* to have alleged facts which, if proved, would have entitled her to a divorce had she so requested (CL 1948, §§ 552.7, 552.8, 552.301).

REFERENCES FOR POINTS IN HEADNOTES

[3]  27 Am Jur, Husband and Wife, § 404 *et seq.*
[5]  27 Am Jur, Husband and Wife, § 406.
[7]  3 Am Jur, Appeal and Error, § 358; 58 Am Jur, Witnesses, § 572.
[8]  3 Am Jur, Appeal and Error, § 1037.
[9]  27 Am Jur, Husband and Wife, § 428.
[12]  27 Am Jur, Husband and Wife, §§ 416, 417.
[13]  14 Am Jur, Costs, § 98.

2. Appeal and Error—Divorce—Separate Maintenance—De Novo Hearing by Supreme Court.

A husband's suit for divorce in which wife filed a cross bill for separate maintenance is heard *de novo* by the Supreme Court.

3. Husband and Wife—Separate Maintenance—Finding of Trial Court—Record.

Trial court's finding that husband's conduct was such as to entitle wife to a decree for separate maintenance *held,* supported by record (CL 1948, §§ 552.7, 552.8, 552.301).

4. Same—Separate Maintenance—Extreme Cruelty—Pleading.

Fact that wife's cross bill for separate maintenance did not specifically allege husband had become an habitual drunkard or had practiced extreme cruelty toward her did not render inadmissible testimony as to his use of intoxicating liquor and acts of cruelty as a basis for finding him guilty of extreme and repeated cruelty, where the cross bill does aver that he did return to their store in a drunken condition and also charges other acts of cruelty (CL 1948, §§ 552.7, 552.8, 552.301).

5. Divorce—Extreme Cruelty.

While the statute relating to divorce does not define extreme cruelty, a determination that a spouse has been guilty of such conduct may be made from the facts and circumstances of each case (CL 1948, § 552.7).

6. Husband and Wife—Pleading—Time of Occurrence of Events Upon Which Relief is Based.

A cross bill for separate maintenance, filed in husband's suit for divorce, has the same status as an original bill of complaint, so far as time of occurrence of events which may be considered as grounds for relief, hence events which occurred after filing of bill but before cross bill was filed may be considered.

7. Same—Separate Maintenance—Leading Questions—Failure to Object.

Complaint that defendant's attorney asked defendant leading questions which in effect amounted to testimony comes too late when made on appeal from decree for separate maintenance, where question was asked and answer given without interposition of objection by plaintiff.

8. Appeal and Error—Sufficiency of Evidence to Support Decree—Improperly Admitted Evidence.

Where there was sufficient evidence to support a decree for separate maintenance without taking into consideration evidence

adduced by leading questions, it must be assumed that the court disregarded all evidence improperly admitted.

9. HUSBAND AND WIFE—SEPARATE MAINTENANCE—MONTHLY ALLOWANCE TO WIFE.

Where earnings of confectionery business in which parties to suit for separate maintenance were engaged ranged from $3,500 to $4,000 per year while wife was contributing her services, amount allowed wife is reduced from $100 to $75 per month and in the event she resides elsewhere than apartment in their real estate the monthly allowance is reduced from $135 to $100.

10. SAME—SEPARATE MAINTENANCE—RECOVERY OF ADVANCE BY WIFE TO HUSBAND—STATUTES.

Allowance to wife of $300 in decree for separate maintenance for sum she had advanced to husband during their marriage is ordered stricken where such relief is not authorized under pertinent statute (CL 1948, § 552.301).

11. SAME—SEPARATE MAINTENANCE—WIFE'S HOSPITAL, DOCTOR AND DENTAL BILLS.

Payment of wife's hospital, doctor. and dental bills, incurred during period of marriage, may not properly be decreed in suit for separate maintenance, since there are other methods of collecting such items (CL 1948, § 552.301).

12. SAME—SEPARATE MAINTENANCE—ATTORNEY FEES—INJUNCTIONS —GENERAL EQUITY POWERS.

In suit for divorce in which wife filed cross bill for separate maintenance, the trial court was not without authority to require plaintiff to pay defendant's counsel an attorney fee, from enjoining defendant from taking any part in the management or conduct of plaintiff's business or enjoining plaintiff from selling, encumbering or disposing of the personal property and fixtures except in the ordinary course of business (CL 1948, § 552.7; Court Rule No 5, § 6 [1945]).

13. SAME—COSTS ON APPEAL—MODIFICATION OF DECREE.

No costs are allowed on appeal from decree for separate maintenance where decree is modified.

Appeal from Lake; Neal (Max E.), J.  Submitted June 14, 1949.  (Docket No. 47, Calendar No. 44,215.) Decided October 10, 1949.

Bill by Marcus T. Jones against Marie Jones for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for separate maintenance. Decree for defendant. Plaintiff appeals. Modified and affirmed.

*Savidge & Sahlin*, for plaintiff.

*Campbell & Campbell*, for defendant.

SHARPE, C. J. On October 16, 1946, plaintiff, Marcus T. Jones, filed a bill of complaint for a divorce in the circuit court of Lake county, Michigan. Defendant filed an answer denying the charges and later filed an amended answer consisting of a cross bill for separate maintenance. From a decree granting defendant separate maintenance, plaintiff appeals.

The parties were married in Chicago on October 7, 1944, and soon thereafter took up their residence in Baldwin, Lake county, Michigan, where they have since resided. At the time of the trial plaintiff was 47 years of age and defendant 39 years old. No children were born as a result of the marriage. In June, 1944, plaintiff purchased a confectionery store for the sum of $10,500 and made a down payment of $1,500, the balance being secured by a mortgage upon the real estate and chattel mortgage on the merchandise, payable at the rate of $500 or more each year. During 1944, there was paid on the principal $2,500, in 1945 $4,000, and in 1946 $2,000. Since purchasing the business plaintiff has spent substantial sums in repairs and modernization of equipment including a new refrigerator. In addition to plaintiff's business, the building contains a beauty parlor, which rents for $18 per month, and 3 upstairs apartments, one of which rents for $25 per month and one of which was formerly occupied

by plaintiff and defendant while they were living together as husband and wife.

The trial court found as a fact that plaintiff's yearly net earnings were from $3,500 to $4,000 less his income tax thereon and granted defendant a decree for separate maintenance which provides that as long as she lives in the store apartment, plaintiff is to pay her the sum of $100 per month, but in event defendant elects to live elsewhere, plaintiff is to pay her $135 per month; that defendant is to retain the household furniture, most of which belonged to her prior to her marriage with plaintiff; that plaintiff is to pay defendant $300 which she advanced to him in 1945; that plaintiff pay hospital, doctor and dental bills for services rendered to defendant during their married life; that defendant be enjoined from interfering with plaintiff's business; that plaintiff be enjoined from selling the real estate unless defendant joins in such sale and also be enjoined from disposing of his stock of merchandise and fixtures except in the ordinary course of his trade and business; and that defendant shall not be entitled to a lien on the store, stock and fixtures as security for the payments of the awards to her as provided in the decree.

Plaintiff appeals and urges that the trial court was in error in granting a decree for separate maintenance on a petition that failed to allege any statutory grounds for divorce. In defendant's amended answer and cross bill for separate maintenance it is alleged:

"IV

"Defendant further shows that during the summer of 1946, plaintiff became interested in other girls in and about Baldwin, to the point that he lost interest in defendant and has so associated himself with said girls openly and otherwise that she has been and is now humiliated and embarrassed by his conduct.

"That during the last part of July and the first part of August, 1946, plaintiff and one of his girl friends, whose name will be disclosed upon the trial of this case, entered the store operated by plaintiff and defendant, under the influence of intoxicating liquor and afterwards left the store and went across the street to a tavern where many persons were present.

"That on or about the 10th or 12th day of August, 1946, plaintiff Jones left his store in the afternoon about 5 o'clock and did not return until about 7 o'clock. That plaintiff told defendant that he had been at a certain place with one of his certain girl friends.

"That 3 or 4 days later, defendant unintentionally and quite by accident, discovered plaintiff Jones and said girl friend in a secluded part of plaintiff's building and both plaintiff and said girl were surprised by being found. Plaintiff Jones being so surprised, had difficulty in adjusting his clothes, particularly his trousers. That defendant spoke to them about their conduct, whereupon she was told by the girl in question to 'Shut up. We will mop up the floor with you.'

"Plaintiff Jones became angry by being caught in such conduct and said to his girl friend, 'Give it to her—give it to her.' The said girl, in Jones' presence, swore at defendant, and called her vile names and also said to defendant 'You won't be here long. I won't know you very long.' Whereupon the situation became so intense that defendant had to call for help.

"V

"Defendant further shows that since her marriage to plaintiff she has assisted him in his work and business and by their joint efforts have accumulated considerable money and property.

"That since plaintiff has become interested in certain girls other than defendant, he has kept business affairs from defendant and confided in his girl friends certain business affairs. Plaintiff and one

of his girl friends were going through the valuable papers of plaintiff and defendant in the safe owned by plaintiff and defendant whereupon they were surprised by defendant and both plaintiff and his girl friend became angry at defendant and humiliated and embarrassed her.

"That plaintiff Jones has steadily concealed from defendant, money and income from their business, and defendant charges that he has considerable money in hiding awaiting the outcome of this proceeding.

"That during the month of August, 1946, defendant after keeping the store open all evening, closed its doors about midnight and went to her room. Plaintiff Jones was not at the store during the evening but returned later, in a drunken condition, after it had been closed. He broke the glass out of the door and created considerable disturbance along Main street, simply for the purpose of embarrassing and humiliating defendant.

"That on the evening of November 30, 1946, at about 11 o'clock at night, plaintiff Jones had a certain girl friend in his apartment. Said girl friend left Jones' apartment in great haste when they discovered they had been caught, and immediately Jones was seen not fully clothed and in his bare feet."

The trial court found as a fact as stated in his opinion:

"Without reviewing or discussing in detail the proofs submitted upon the hearing I am satisfied that the evidence is such that the defendant would have been entitled to a decree of divorce, had she so requested, but not having done so, she is entitled to a decree of separate maintenance.

"In most cases the controlling events which justify dissolution of a marriage, occur between the parties themselves in the absence of witnesses and when it is often difficult to determine where the truth rests. In this case, however, several of the instances relied upon have taken place in the pres-

ence of others, for example, the attack by plaintiff upon the defendant with a knife on or about June 30th is corroborated in part by disinterested witnesses as well as by plaintiff's verbal abuse of his wife on one or more occasions in the store in the presence of customers; his intoxication on occasions in and about his place of business, which are not seriously denied as well as his association with other women. These and other incidents covered by the proofs clearly establish sufficient cruelty on the part of the plaintiff to justify a decree for separate maintenance."

CL 1948, § 552.7 (Stat Ann § 25.87), provides:

"A divorce from bed and board forever, or for a limited time may be decreed for the cause of extreme cruelty, whether practiced by using personal violence, or by any other means; or for utter desertion by either of the parties for the term of 2 years; and a like divorce may be decreed on the complaint of the wife, when the husband, being of sufficient ability to provide a suitable maintenance for her, shall grossly or wantonly and cruelly refuse or neglect so to do."

CL 1948, § 552.8 (Stat Ann § 25.88), provides in part:

"A divorce from the bonds of matrimony may be decreed for either of the causes mentioned in the preceding section whenever, in the opinion of the court, the circumstances of the case shall be such that it will be discreet and proper so to do."

The above sections of the statute authorize a court of chancery to grant a divorce for the reasons stated therein. The case at bar is one for separate maintenance under CL 1948, § 552.301 (Stat Ann § 25.211), which provides in part:

"That no decree shall be made in favor of the petitioner unless on the hearing either such a state of

facts shall appear as would entitle her, as far as the husband's wrongful acts are shown, to a decree for divorce upon the grounds specified in the petition."

In our opinion the cross bill of complaint alleges facts which, if proved, would have entitled defendant to a divorce under the above sections of the statute had she so requested. In cases of this nature, when the husband files a bill of complaint for a divorce and the wife files a cross bill for separate maintenance, we hear the case *de novo*. In our opinion the record supports the trial court's finding that plaintiff's conduct was such as to entitle defendant to a decree for separate maintenance.

Plaintiff also urges that the court was in error in permitting the introduction and consideration of testimony of his use of intoxicating liquors and acts of cruelty as a basis for finding him guilty of extreme and repeated cruelty without allegations in the cross bill that plaintiff had become an habitual drunkard or had practiced extreme cruelty toward defendant.

Defendant's cross bill charges that upon one occasion plaintiff returned to the store in a drunken condition and also charges other acts of cruelty. In *Whitman* v. *Whitman,* 286 Mich 458, we held that while the statute relating to divorce does not define extreme cruelty, yet such a determination may be made from the facts and circumstances of each case. We do not find any merit in this claim urged by plaintiff.

It is also urged that the court was in error in admitting and considering evidence of events occurring after the institution of plaintiff's suit for divorce. The bill of complaint was filed October 16, 1946. The amended answer and cross bill of defendant was filed April 12, 1947. There was no testimony offered relating to the conduct of plaintiff after the date of

the filing of defendant's cross bill. Plaintiff relies upon *Cooley* v. *Cooley*, 320 Mich 209, where we held that testimony by plaintiff of matters occurring subsequent to the filing of her bill of complaint was not admissible. In the *Cooley Case* no cross bill was filed as in the case at bar. In the instant case defendant's cross bill has the same status as an original bill of complaint. It was not error to admit evidence relating to plaintiff's conduct prior to the filing of defendant's cross bill.

It is also urged that the court permitted defendant's counsel to ask leading questions which in effect amounted to testimony. It is to be noted that no objections were made. One of these was the following question asked of defendant: "Do you recall a time last summer in June or July in the evening when your husband was chasing you with a knife, do you recall the incident? *A.* Yes." It is to be noted that no objection was made either to the question asked or the answer given. In our opinion an objection at this time comes too late. Moreover, there is sufficient evidence to support a decree for separate maintenance without taking into consideration the above evidence. It must be assumed that the court disregarded all evidence improperly admitted. See *Lukshaitis* v. *Lukshaitis*, 314 Mich 426.

It is also urged that the allowance provided for the wife for separate maintenance was excessive. There is evidence to support the finding of the trial court that the earnings of the business amounts to $3,500 to $4,000 per year, but we have in mind that these earnings occurred while defendant was giving her services to the business. We think the amount of alimony allowed defendant is excessive. A decree will be entered providing that plaintiff pay defendant the sum of $75 per month as long as she occupies the apartment formerly used by plaintiff and defendant for her separate use and in event

that defendant elects to reside elsewhere than in her present living quarters, plaintiff shall pay defendant the sum of $100 per month.

The decree also provides that plaintiff pay defendant the sum of $300 which she advanced to him in 1945. It is to be noted that in defendant's cross bill there is no mention of this amount and in the relief asked for we find the following:

"(b) That she be decreed such portions of plaintiff's income and revenue from his property as this court shall determine to be just and equitable for her support and maintenance."

The effect of this portion of the decree was to grant certain relief not authorized by the statute. The act in question (CL 1948, § 552.301) empowers the court to "allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine." Nor is there any authority in the act for requiring plaintiff to pay defendant's hospital, doctor and dental bills. There are other methods of collecting these items.

The trial court was not without authority in requiring plaintiff to pay defendant's counsel an attorney fee in the sum of $100 within 60 days. See Court Rule No 5, § 6 (1945). Nor did the trial court exceed its authority in enjoining defendant from taking any part in the management or conduct of plaintiff's business, or in ordering that plaintiff be enjoined from selling, encumbering or disposing of the personal property and fixtures of the business except in the ordinary course of trade.

The decree as modified will be affirmed, but without costs.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred with SHARPE, C. J.
BUTZEL, J., concurred in the result.