### PEER v. PEER.

Husband and Wife—Separate Maintenance—Modification as to
Alimony.

    Decree of separate maintenance in which plaintiff wife was
    awarded a settlement in gross is modified to remand the case
    for circuit court to allot, assign, and set apart to wife as ali-
    mony, the use of such part of her husband's real and personal
    estate or of his earnings, income or revenue as court shall find
    equitable (CL 1948, § 552.301).

Butzel, Bushnell, and Reid, JJ., dissenting in part.

Appeal from Mecosta; Pugsley (Earl C.), J. Sub-
mitted June 6, 1952. (Docket No. 50, Calendar No.
45,504.) Decided December 9, 1952.

Bill by Cornelia Peer against George W. Peer for
separate maintenance. Cross bill by defendant
against plaintiff for absolute divorce. Decree of

divorce entered.   Plaintiff appeals.   Modified, affirmed and remanded.

*Arnold R. Levandoski*, for plaintiff.

*Neul N. Donley,* for defendant.

BUSHNELL, J. (*dissenting in part*).   The parties hereto were married on November 1, 1942.  Plaintiff Cornelia Peer was then 57 years old and defendant George W. Peer was 73.   No children were born to the parties.   They lived and cohabited together until July 1, 1949, and on April 22, 1950, Mrs. Peer filed a petition for separate maintenance under the provisions of CL 1948, § 552.301 (Stat Ann § 25.211). Peer filed an answer and cross bill in which he asked for a divorce.

When the cause was heard, after plaintiff had concluded her case and rested, the attorneys for the parties stipulated in open court as follows:

"That the plaintiff will amend the prayer in her bill of complaint, asking for an absolute divorce rather than separate maintenance.

"That the plaintiff, Mr. Peer, does hereby withdraw his answer to the bill of complaint and the cross bill of complaint now on file.

"That the decree be entered in this matter, awarding to Mrs. Peer the sum of $2,000 cash, payable on or before 30 days from date, together with the following items of personalty.  * * *  That the plaintiff, Mrs. Peer, will execute to the defendant, Mr. Peer, a quitclaim deed of all of her right, title and interest in and to the real estate owned by the defendant, Mr. Peer, intending thereby to convey all her interest therein either by way of dower or otherwise to the defendant.   That she return to the defendant all of the abstracts, title deeds, insurance policies or other papers or documents or evidences of title she

now has in her possession belonging to the defendant."

Later in the record it is indicated that this stipulation was reduced to writing and filed on December 30th. Plaintiff's bill of complaint had been amended prior thereto in accordance with the stipulation. A decree in accordance with the stipulation was filed on December 19, 1950. An amended decree filed shortly thereafter made no change in the original decree, except to provide for the execution of quitclaim deeds, and upon failure to provide same, that a certified copy of the amended decree might be filed in the office of the register of deeds.

On January 4, 1951, plaintiff, through another attorney, filed a motion to set aside the original and amended decrees on the ground that notwithstanding the conference between plaintiff and her attorney at the time of trial, she was then under a mental and nervous strain and did not fully understand or appreciate the fact that, instead of a decree for separate maintenance, she would have a decree of divorce. She also insisted that the property settlement was such a gross injustice as to shock the conscience, and resulted in a miscarriage of justice.

The court took testimony to determine what actually took place at the conference between plaintiff and her former attorney. After examining her former counsel under oath and permitting a full and complete cross-examination of him, as well as other witnesses, the court made a lengthy statement upon the record, the crux of which is expressed as follows:

"I am disposed to give the plaintiff the benefit of any doubt as to a misunderstanding as to what the relief would be so far as a decree of divorce as distinguished from separate maintenance is concerned. So far as the allowance to be made to her under the property settlement, after a fair hearing and after

having been represented by honorable counsel, the amount was agreed upon, and this court, I believe under all the circumstances, should be expected to enter a decree ratifying that which the parties had themselves agreed upon in open court."

Thereafter the original and amended decrees were again amended to grant separate maintenance rather than divorce, and in all other respects were ratified and confirmed.

Plaintiff has appealed from the final decree, claiming that she cannot be compelled to accept an award in gross as full, final, and complete settlement of all future support, maintenance, alimony, dower, and other rights. She seeks an award here for a weekly sum for her support and the right to live in the dwelling house formerly occupied by the parties. She also complains about the distribution of certain personal property.

We need not determine whether the chancery court in an action for separate maintenance may compel the wife to accept a settlement in gross. There was no compulsion. The parties, represented by able and competent counsel, with full knowledge of the circumstances and facts, entered into an express agreement regarding their property. In the absence of fraud, duress or mistake, each is bound by that agreement. We should not, on appeal, encourage litigants to play fast and loose with trial courts and repudiate their solemn agreements.

The trial judge took the precaution to examine the plaintiff with respect to the settlement agreement. The testimony taken at the subsequent hearing has been considered and we agree with the conclusion reached by the trial judge.

The following authorities are deemed applicable to the situation presented on this appeal. *Mesler* v. *Jackson Circuit Judge,* 188 Mich 195, 202; *Newcombe* v. *Newcombe,* 203 Mich 163; *Madden* v. *Madden,* 222

Mich 404, 410; *West* v. *West,* 241 Mich 679, 683; and *Kelly* v. *Kelly,* 252 Mich 92, 97.

The decree should be affirmed, with costs to appellee.

Butzel, and Reid, JJ., concurred with Bushnell, J.

Sharpe, J. I am not in accord with the opinion of Mr. Justice Bushnell. The facts show that plaintiff, Cornelia Peer, instituted an action for separate maintenance by virtue of the provisions of CL 1948, § 552.301 (Stat Ann § 25.211). Subsequently plaintiff amended her bill of complaint by including a prayer for an absolute divorce. The parties by stipulation made a division of their property, which was approved by the court, and a decree of divorce was granted plaintiff. On January 4, 1951, plaintiff filed a motion to amend the divorce decree to one for separate maintenance.

The relief asked for in the motion was to set aside the decree, restore the original bill of complaint seeking separate maintenance and that a decree be entered granting plaintiff separate maintenance together with a proper sum to be paid by the defendant per week for support and maintenance of plaintiff. The trial court granted plaintiff's motion for a decree for separate maintenance, which contained the following:

"That the petition of the plaintiff to obtain separate maintenance instead of a divorce should be granted and the decree previously entered is hereby amended accordingly.

"That the property settlement heretofore set forth shall stand in lieu of any further obligations of the defendant for future support and maintenance during his lifetime and in full settlement of any and all claims that the plaintiff may have against the defend-

ant or his estate for dower, alimony or any other further property rights, either now or at any time in the future.

"That in all other respects the decree heretofore entered on December 19, 1950 is hereby ratified and affirmed."

Plaintiff appeals and urges that in a decree for separate maintenance the court is without jurisdiction to compel plaintiff to accept a lump-sum settlement.

The statute in question (CL 1948, § 552.301 [Stat Ann § 25.211]) reads as follows:

"Sec. 1. That whenever a husband shall, without good and sufficient cause, desert his wife, or shall have hereafter deserted his wife without good and sufficient cause being of sufficient ability to support her, or shall have become an habitual drunkard since their marriage, or practiced extreme cruelty towards her, or committed the crime of adultery, or any other offense that entitles the wife to a decree of divorce or of separation, and shall refuse and neglect to support his wife, either the wife or husband being a resident of this State, the circuit court in chancery of any county in this State in which said husband or wife shall reside, shall on the application of the wife by petition, allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine, in its discretion, and during the pending of the proceeding may require the husband to pay such sums to carry on the proceeding, or for her support, as it shall deem necessary, in like manner as provided by section 6235 of Howell's statutes, being 4745 of the Compiled Laws of 1871."

In *Sullivan* v. *Sullivan,* 323 Mich 397, we had occasion to construe the above statute. We there said:

"The statutes confer no authority upon the court,

in granting a decree of separate maintenance under [PA 1889, No 243] to award the wife title to, or ownership of, any of the husband's property."

In *Mackie* v. *Mackie*, 329 Mich 595, we said:

"In the statutory proceedings for separate maintenance, courts do not award the wife title to any of the husband's property."

See, also, *Jones* v. *Jones*, 325 Mich 671.

Any number of cases hold that during the pendency of a suit for *divorce*, the husband and wife may agree upon a property settlement, and in the absence of fraud, duress, or mutual mistake, be bound thereby. See *West* v. *West*, 241 Mich 679. I note that the cases cited in Mr. Justice BUSHNELL's opinion are *all* *divorce cases*, with the exception of *Kelly* v. *Kelly*, 252 Mich 92. The *Kelly Case* is founded on CL 1948, § 552.7 (Stat Ann § 25.87) and known as the statute for divorce from bed and board. None of these cases was decided under the separate maintenance statute and are not authority for the issues involved in this case.

The decree for separate maintenance is affirmed and the cause remanded to the circuit court to allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate or such portion of his earnings, income or revenue as the court shall find equitable. Plaintiff may recover costs.

DETHMERS and BOYLES, JJ., concurred with SHARPE, J.

CARR, J., concurred in the result.

The late Chief Justice NORTH did not sit.