HIRDES *v.* SELVIG.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

The evidence must be viewed in the light most favorable to plaintiff on defendant's appeal from denial of his motion for judgment *non obstante veredicto.*

2. AUTOMOBILES—NEGLIGENCE—VERDICTS—GREAT WEIGHT OF THE EVIDENCE.

Evidence presented in action under death act by father of minor son, a passenger in a westbound car which collided with east-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 1013–1015, 1028–1030.
[3] 31 Am Jur, Jury §§ 207–211.
   Admissibility of evidence, and propriety and effect of questions, statements, comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.
[4] 5 Am Jur 2d, Appeal and Error § 553.
[5] 53 Am Jur, Trial § 921 *et seq.*

bound car, driven by defendant's son who was also killed in the accident, that occurred on a bright, clear day, on a dry, 2-lane, 20-foot wide, blacktopped highway having a painted center line where there was no hill, curve, or obstruction to view for 3/4 of a mile either way, *held,* to present a question for the jury as to the negligence of defendant's son, and to be such that the jury's finding may not be said to be against the great weight of the evidence.

3. JURY—VOIR DIRE—INSURANCE—SAVING QUESTION FOR REVIEW.

Question put by plaintiff's counsel on voir dire examination in action arising out of automobile collision "Are any of you engaged, or have a close member of your family engaged in the insurance business?" not objected to at the time, no request made to instruct the jury to disregard it, nor motion for mistrial made, *held,* not cause for reversal upon objection made for the first time on appeal.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTION FOR REVIEW.

The Supreme Court normally will decline to consider assignments of error on appeal on matters as to which sufficient objection or motions were not made on trial.

5. TRIAL—PRESENCE OF BLACKBOARD IN JURY ROOM—SAVING QUESTION FOR REVIEW.

Defendant in action arising out of automobile accident was not entitled to reversal because of presence in jury room of blackboard, where a juror requested it as the jury retired and court had no objection if counsel had none but warned that much had been erased, defendant's counsel made no objection when learning of such use, it contained only some diagrams made by witnesses and both counsel during trial, and it was not shown to contain anything prejudicial to defendant.

Appeal from Ottawa; Smith (Raymond W.), J. Submitted December 4, 1962. (Calendar No. 88, Docket No. 49,551.) Decided February 6, 1963.

Case by William Hirdes, administrator of the estate of Raymond Hirdes, under the death act for damages arising from death of son in automobile collision on June 25, 1959. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James W. Bussard,* for plaintiff.

*Luyendyk, Hainer, Hillman, Karr & Dutcher,* for defendant.

DETHMERS, J.    Plaintiff, as administrator of the estate of his minor son, the decedent, brought this action for the boy's wrongful death.    It resulted from the collision of an automobile in which he was a passenger with another owned by defendant and driven by the latter's son, who also was killed in the accident.    In the automobile with plaintiff's decedent were 2 of his brothers, both of whom suffered amnesia as a result of injuries sustained in the accident and, at time of trial, recalled nothing about it. There were no passengers in defendant's car.    There were no eyewitnesses to the accident able to testify as to how it occurred.

The collision happened in the afternoon of a bright, clear day, on a dry, 2-lane, 20-foot-wide, east and west, blacktopped highway having a painted center line.    There was no hill, curve, or obstruction to view for 3/4 of a mile in either direction from point of impact.    The automobile in which plaintiff's decedent was riding, hereinafter called plaintiff's car, was proceeding west.    Defendant's automobile was going east.    One of the passengers in plaintiff's car testified that his last memory was of riding at a point opposite a gravel pit, which was about 60 feet east from the place of the collision, and that they were then proceeding on the right or north half of the pavement, at a speed of about 50 or 55 miles per hour.

The collision occurred at or near the north edge of the pavement.    After the collision the 2 automobiles came to rest facing north, more or less side by side, with their rear wheels on the pavement and front wheels on the north shoulder.    Defendant's

car stood west of plaintiff's car. Skid marks on the pavement, 156 feet in length, started in the south lane, proceeded easterly, crossed over the center line and extended into the north lane to point of impact. These were clearly made by braked wheels on defendant's car. Two police officers testified that skid marks on the pavement also extended southeasterly from plaintiff's car, for a distance of 59 feet from its right wheels and 75 feet from its left wheels, the latter going to a point about 10 inches south of the center line.

The jury found for plaintiff. The court denied defendant's motion for judgment *non obstante veredicto* and, in the alternative, for new trial. Defendant appeals.

The principal issue is whether there was evidence sufficient to go to the jury on the question of the negligence of defendant's driver and, if so, whether the verdict for plaintiff was against the great weight of the evidence.

Defendant first urges the presumption of freedom from negligence of the deceased driver of his car, inasmuch as there were no eyewitnesses who could testify, citing *Weller* v. *Mancha*, 351 Mich 50, and *Gillett* v. *Michigan United Traction Co.*, 205 Mich 410. He insists there is no evidence to rebut it; none from which even an inference of his driver's negligence may be drawn; none to indicate excessive speed because the length of the skid marks is within the proper stopping distance under the applicable speed limit; none to show his failure to have the car under control when he applied the brakes while still on his own side of the pavement and before he started to skid as a result thereof. Defendant then cites *Leonard* v. *Hey*, 269 Mich 491 (37 NCCA 111), *Paton* v. *Stealy*, 272 Mich 57, and *Eskovitz* v. *Berger*, 276 Mich 536, for the proposition that a driver is not negligent for skidding over onto the wrong side of

the road unless the skidding results from his negligence. In each of those cases, that was held to be a question of fact. They do not support defendant's contention that there was no evidence to go to the jury on the question of his driver's negligence and that he is entitled to a no cause judgment as a matter of law.

Next, defendant cites *Meisenheimer* v. *Pullen,* 271 Mich 509, and *Triestram* v. *Way,* 286 Mich 13, as holding that crossing over to the wrong side of the road "does not necessarily constitute negligence." That statement does not, of course, exclude the possibility of a fact question in that regard. Furthermore, in *Meisenheimer,* the defendant, in driving (not skidding) to the wrong side of the road, was held guilty of negligence as a matter of law. *Triestram* affords defendant no greater support.

Defendant's theory, however, is that his driver was driving where he had a right to be when he suddenly applied his brakes, that the braking action caused him to skid to the left, that there is no showing that any negligence on his part necessitated the braking or caused the skidding, and that the skid marks south of the center line made by plaintiff's car gave rise to a reasonable inference that, as little as 59 feet before place of impact, it was to the left of the center line, confronting defendant's driver with the necessity of suddenly applying his brakes. So defendant reasons that if any reasonable inference may be drawn as to negligence causing defendant's car to skid, it would have to be that of the driver of plaintiff's car in driving left of the center line.

A difficulty with defendant's position is that on this appeal, insofar as defendant's claim of right to judgment *non obstante veredicto* is concerned, the evidence must be viewed in the light most favorable to plaintiff. That means that consideration must be given to the testimony of 1 witness that no skid

marks were made by plaintiff's car and of another witness that the only skid marks it made were off the pavement, on the gravel of the north shoulder, for a distance of only 8 or 10 feet up to point of impact. If this was accepted by the jury as true, as we now must, no justification was shown, nor might an inference of one be drawn from the record, for defendant's driver going over into the north lane. The proofs and reasonable inferences therefrom left a question of fact for the jury as to his negligence in that regard. See *Soltar* v. *Anderson,* 340 Mich 242, and cases cited therein. As the trial judge observed, the case is a close one, but we cannot say that a jury finding of such negligence is against the great weight of the evidence.

On *voir dire* examination, plaintiff's counsel asked the following question:

"*Mr. Bussard:* * * * Are any of you engaged, or have a close member of your family engaged in the insurance business?"

Does this constitute reversible error, even though no objection was made at the time and the court was not requested to instruct the jury to disregard it? Defendant's counsel urges that such objection or instruction would have served only to emphasize the subject of insurance in the minds of the jurors. Making of a harmless objection could have been handled by the defense, before answer was made, by a simple request for a recess for purpose of presenting a legal question and offering the objection to the court in the absence of members of the panel. Also, a mistrial might have been demanded on that ground at that juncture. Objection, made for the first time after taking a chance and then being confronted with an adverse verdict, comes too late. Not in point, as defendant urges, is *Darr* v. *Buckley,* 355 Mich 392, in which we held it not error for the

trial court to refuse, on its *voir dire* examination, to ask the panel members, as plaintiff's counsel had requested, concerning their possible interest in an insurance company. The shoe was on the other foot here, but defendant failed to make timely use of it. For cases in which this Court has declined to consider assignments of error on appeal on matters as to which sufficient objection or motions were not made on trial, see *Curth* v. *New York Life Ins. Co.*, 274 Mich 513; *Jones* v. *Jones*, 325 Mich 671; and *In re Kanera's Estate*, 334 Mich 461.

The 3 cases just cited and our statement concerning nonreviewability of the last above question may properly be addressed to defendant's final question, reading as follows:

"Does it constitute prejudicial error for the jury to have taken into the jury room, without permission of the court or consent of counsel, a blackboard used by counsel during the trial which contained diagrams and drawings made by counsel and various witnesses during the trial, the same not having been admitted in evidence?"

In the first place, no objection was made by defendant's counsel when he learned, during the jury's deliberations, that the blackboard was in the jury room with the jury. In the second place, as the jury was about to retire, the following occurred:

*"Juror No. 11:* May we have the blackboard too? That is an exhibit, is it not?

*"The Court:* I have no objection if counsel has no objection to use of the blackboard. I will say this, though, much has been erased that was on. If you desire to see the blackboard let us know."

Despite the court's statement that, "I have no objection if counsel has no objection to use of the blackboard," defense counsel said nothing about it at any time until after the verdict. In the third place,

the blackboard contained only what remained of diagrams made by witnesses while testifying and by counsel on both sides, all before the jury, during trial. While in the jury room it contained nothing that the jury had not seen on it, without objection, in open court during trial. It is not shown that anything prejudicial to defendant was on the blackboard. Defendant is not entitled to reversal on this account. Affirmed. Costs to plaintiff.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.