IN THE MATTER OF STRICKLIN

IN THE MATTER OF RICHARDS

IN THE MATTER OF CURTISS

Docket Nos. 82331, 82389, 82390, 82391. Submitted October 15, 1985, at Lansing.—Decided February 3, 1986. Leave to appeal applied for.

Richard D. Stricklin and Effie O. Stricklin were charged in Saginaw Circuit Court with criminal sexual conduct directed toward two of their five minor children. In addition, the Michigan Department of Social Services filed four separate petitions in the Saginaw Probate Court seeking to have the parental rights of Richard and Effie Stricklin terminated as to the five minor children. Following the adjudicative hearing phase of the probate proceedings, the jury determined that the probate court had jurisdiction over all five of the children, and after the dispositional phase of the probate proceedings, the probate court, Faye M. Harrison, J., terminated the parental rights of the Stricklins. Following trial on the criminal charges, the Stricklins were both convicted of first-degree criminal sexual conduct. The Stricklins appeal from the probate court orders terminating their parental rights over their children. The appeals have been consolidated. *Held:*

1. The probate court did not err in denying appellants' motions to adjourn the probate proceedings pending the outcome of the criminal proceedings against them. The fact that it would have been to appellants' benefit to testify at the probate proceedings but that they did not testify out of fear that their testimony could be used against them later in the criminal proceedings does not lead to the conclusion that appellants

REFERENCES

Am Jur 2d, Husband and Wife § 448.

Am Jur 2d, Parent and Child § 5.

Am Jur 2d, Witnesses §§ 69 *et seq.*

Validity of statute providing for termination of parental rights. 22 ALR4th 774.

Competency of one spouse against other in prosecution for offense against child of both or either. 93 ALR3d 1018.

Sexual abuse of child by parent as ground for termination of parent's right to child. 58 ALR3d 1074.

were denied their rights to be free from compelled self-incrimination. Whatever compulsion was present was insufficient to have amounted to a breach of appellants' rights to be free from compelled self-incrimination.

2. Appellant Richard Stricklin's argument that his Fifth Amendment right to remain silent was compromised because he was called to the stand and forced to assert the right, thereby aggravating the adverse inference to be drawn from his failure to testify, is without merit. No adverse aggravating inference could have been drawn, since he was called to the stand outside the presence of the jury.

3. Appellant Effie Stricklin's argument that the probate court committed error when it allowed her to be called as a witness under the adverse party statute and that calling her or her husband violated her spousal privilege is without merit. The adverse party statute, which provides that a defendant in a criminal case shall be deemed a competent witness only at his own request, does not apply to juvenile proceedings in probate court, since such proceedings are not criminal proceedings.

4. Appellant Effie Stricklin's argument that the probate court erred by permitting her and her husband to be called as witnesses because such action violated her marital communications privilege is rejected. That privilege was abolished in civil child protective proceedings by statute. Furthermore, neither of the Stricklins testified in the probate proceeding. Both the spousal and marital communication privilege issues became moot when the parties were excused from testifying on Fifth Amendment grounds.

Affirmed.

BEASLEY, J., concurred in the result only.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — FREEDOM FROM SELF-INCRIMINATION — CONSTITUTIONAL LAW.

The fact that a probate court denied motions to adjourn termination of parental rights proceedings until after trial could be held on criminal sexual conduct charges pending against the parents for alleged sexual misconduct involving their children did not violate the parents' constitutional rights to be free from compelled self-incrimination even though the parents refused to testify at the probate proceedings out of fear that their testimony would be used against them at their criminal trials; the compulsion of nonincriminating testimony is not the sort of compulsion contemplated by the Fifth Amendment (US Const, Ams V, XIV; Const 1963, art 1, § 17).

2. WITNESSES — ADVERSE PARTY STATUTE — JUVENILE PROCEEDINGS.

The adverse party statute, which provides that a defendant in a

criminal case shall be deemed a competent witness only at his own request, does not apply to juvenile proceedings in probate court; such proceedings are not deemed to be criminal proceedings (MCL 600.2159, 712A.1; MSA 27A.2159, 27.3178[598.1]).

3. WITNESSES — MARITAL COMMUNICATIONS PRIVILEGE — CIVIL CHILD PROTECTIVE PROCEEDINGS.

The marital communications privilege against testifying as to communications made in the confidence of the marriage relationship has been abolished by statute in civil child protective proceedings (MCL 722.631; MSA 25.248[11]).

*Walter Martin, Jr.,* Special Prosecutor, for Department of Social Services.

*Peter S. Shek,* for Effie Stricklin.

*James A. Brisbois, Jr.,* for Richard D. Stricklin.

*Charles R. Rousseau,* for the minor children.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

J. P. NOECKER, J. These consolidated cases all relate to Saginaw County Probate Court orders terminating the parental rights of appellants Effie Orrilla Stricklin and Richard David Stricklin to their five minor children. Appellant Effie Stricklin is the mother of all five of the children, and appellant Richard David Stricklin is father of three of the children and stepfather of two. After the adjudicative phase of the probate proceedings, lasting from May 1 through May 4, 1984, the jury determined that the probate court had jurisdiction over all five children. After the dispositional phase of the probate proceedings, the court terminated the parental rights of both appellants.

Testimony before the jury in the probate proceedings revealed extreme sexual misconduct on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the part of both appellants directed toward two of the children, Crystal Dawn Richards, age 9 at the time of the probate court hearing, and Stephen Richards, age 7 at the time of the probate court hearing. Crystal Dawn testified that she had engaged in sex acts with appellant Richard Stricklin ten or more times in her parents' room and that her mother was present most of the time. She testified further that she saw her parents engage in sex when appellant Richard Stricklin wanted to teach her "how to do it". Further, she testified that she had engaged in sex acts with her brother, Stephen, about five times.

Stephen testified that he had engaged in sex acts with his mother Effie Stricklin when his father Richard Stricklin was present. He also testified that he had engaged in sex acts with his sister, Dawn.

Neither appellant testified at the probate proceeding.

Criminal charges against both appellants resulted in the conviction of Effie Stricklin of three counts of first-degree criminal sexual conduct and in the conviction of Richard Stricklin of two counts of first-degree criminal sexual conduct and one count of attempted first-degree criminal sexual conduct.

Both appellants claim that the probate court erred when it denied appellants' motions to adjourn the probate proceeding pending the outcome of the criminal proceedings against appellants. Appellants claim a violation of their rights to be free from compelled self-incrimination guaranteed them by the Fifth and Fourteenth Amendments to the United States Constitution, and by article 1, § 17 of the Michigan Constitution. Appellants argue that the state compelled them to testify by hearing the probate proceeding before the criminal

proceeding and that such scheduling was for the purpose of securing testimony at the probate proceeding which could be used against them in their subsequent criminal trials. Appellants also argue that compulsion to testify was present because the risk of losing parental rights in the probate proceeding was enhanced if they chose not to testify.

Appellant Richard Stricklin alleges further error because the probate court required him to take the stand and exercise his right to remain silent. Finally, appellant Effie Stricklin alleges error when the probate court allowed petitioner to call her as a witness under the adverse party statute[1] (despite the fact that she did not testify after being called) and that allowing her or Richard Stricklin to be called as a witness violated her spousal privilege to refuse to testify against her husband and her marital communications privilege to exclude testimony by her husband against her.

Both appellants seek retrial of the issue of termination of parental rights.

## I

Appellants' privilege to be free from compelled self-incrimination under the Michigan Constitution is no more extensive than the privilege afforded by the Fifth Amendment to the United States Constitution.[2] Consequently, the principles enunciated in the federal cases are applicable to this case. Neither the fact that appellants did not testify in the probate proceeding nor the fact that the probate proceeding was a civil proceeding is dispositive with respect to appellants' self-incrimination claim. If a penalty was exacted upon appellants'

[1] MCL 600.2159; MSA 27A.2159.

[2] *Paramount Pictures Corp v Miskinis,* 418 Mich 708; 344 NW2d 788 (1984).

refusal to testify, relief is possible despite the fact that there was no testimony.[3] The privilege against self-incrimination applies to a civil proceeding at which evidence is sought which might subject the witness to criminal prosecution.[4] Therefore, the resolution of appellants' claim in the case at bar turns on whether a penalty was exacted for appellants' refusal to testify, sufficient to amount to the kind of compulsion contemplated by the Fifth Amendment. In this Court's opinion, whatever compulsion was present was insufficient to have amounted to a breach of appellants' rights to be free from compelled self-incrimination.

Compulsion of the kind contemplated by the Fifth Amendment is present when a person is unable "to remain silent unless he chooses to speak in the unfettered exercise of his own will".[5] Appellants argue that compulsion was present in the case at bar because the specter of losing their parental rights was held over their heads if they chose not to testify. They argue that the compulsion is real because a respondent's risk of losing a case is greater if he does not testify in his own defense.

The validity of appellants' argument requires that their testimony at the probate proceeding would have had to have increased their chances of retaining their parental rights, *i.e.,* that their testimony at the probate proceeding would have been nonincriminating. Of course, in order for there to have been a Fifth Amendment violation, the testimony offered at the criminal proceeding would have had to have been incriminating. Because of the essential similarity of issues in the

[3] *Gardner v Broderick,* 392 US 273; 88 S Ct 1913; 20 L Ed 2d 1082 (1968).

[4] *Berney v Volk,* 341 Mich 647; 67 NW2d 801 (1955).

[5] *Malloy v Hogan,* 378 US 1, 8; 84 S Ct 1489; 12 L Ed 2d 653 (1964).

two proceedings, any incriminating testimony offered at the criminal proceeding would have also been incriminating at the probate proceeding. If one is to accept appellants' premise that the penalty imposed for not testifying at the probate proceeding was the increased risk of loss of parental rights, one must conclude that the testimony sought through such compulsion would not have been incriminating. Yet, appellants' argument also requires the conclusion that that same testimony, if offered in the criminal proceeding, would have been incriminating. The logical implausibility, if not impossibility, of such an argument considerably weakens the foundation upon which appellants rest their conclusion that their Fifth Amendment privileges were violated.

In summary, accepting appellants' premise that the increased risk of loss of parental rights was the penalty imposed upon them for their refusal to testify, it must be concluded that the testimony sought through such compulsion would have been nonincriminating. The compulsion of nonincriminating testimony is not the sort of compulsion contemplated by the Fifth Amendment. Any adverse consequences resulting from appellants' failure to testify cannot be said to have been created by the state.[6] Any penalty resulting from appellants' failure to testify was no more than the "penalty" that any party suffers when he decides not to testify in his own defense. Appellants retained the unfettered discretion to testify or not to testify; had they chosen to testify, it would have been because their testimony would have increased their chances of retaining their parental rights, and not because of a penalty imposed by

---

[6] Compare, for example, *Gardner v Broderick, supra,* in which a New York City patrolman was discharged for refusal to waive his privilege against self-incrimination.

the state upon their refusal to testify. The choice not to testify was no more than appellants' tactical decision as to the best course to follow through the probate and criminal proceedings.[7]

Appellant Richard Stricklin argues further that his Fifth Amendment right to remain silent was compromised because he was called to the stand and forced to assert the right, thereby aggravating the adverse inference to be drawn from his failure to testify. Appellant's argument ignores the fact that he was called to the stand outside the presence of the jury, so that no adverse aggravating inference could have been drawn. Appellant's argument is without merit.

## II

Appellant Effie Stricklin argues that the probate court committed error when it allowed her to be called as a witness under the adverse party statute[8] and that calling her or her husband violated either her spousal privilege, regarding testimony by one spouse against the other, or her marital communications privilege, regarding communications made in the confidence of the marriage relationship.

The adverse party statute provides that a defendant in a criminal case shall be deemed a competent witness only at his own request. However, MCL 712A.1; MSA 27.3178(598.1) provides that juvenile proceedings in probate court shall not be deemed to be criminal proceedings. Appellant's argument is without merit.

Appellant's argument regarding the marital

---

[7] See *In the Matter of Declaring CLR, Youth in Need of Care*, — Mont —; 685 P2d 926 (1984), and *In the Matter of Roman*, 94 Misc 2d 796; 405 NYS2d 899 (1978).

[8] MCL 600.2159; MSA 27A.2159.

communications privilege ignores the fact that MCL 722.631; MSA 25.248(11) abolished the privilege in a civil child protective proceeding. It might also be argued that the spousal privilege was abolished, either by the same statute or because of the nature of the proceeding, but this Court need not decide that question. Neither Effie Stricklin nor Richard Stricklin testified in the probate proceeding. The spousal and marital communication privilege issues became moot when the parties were excused from testifying on Fifth Amendment grounds. Consequently, the probate court committed no error.

Affirmed.

V. J. BRENNAN, P.J., concurred.

BEASLEY, J., concurred in the result only.