MAYS v GILLETT COMMUNICATIONS OF DETROIT, INC

Docket No. 126785. Submitted May 14, 1992, at Detroit. Decided February 16, 1993, at 9:05 A.M. Leave to appeal sought.

Doris Mays, for herself and as personal representative of the estate of Claude Hayes, deceased, brought a wrongful death action in the Wayne Circuit Court against Gillett Communications of Detroit, Inc., and television news reporter Bradley M. Stone, alleging that the decedent's killers could have been apprehended before they killed the decedent had the defendants complied with a subpoena duces tecum issued by the Wayne County Prosecuting Attorney in a grand jury proceeding concerning a prior murder by the killers. The court, Michael L. Stacey, J., granted summary disposition for the defendants, determining that they owed no duty to the plaintiff or her decedent. The plaintiff appealed.

The Court of Appeals *held:*

1. The defendants owed no duty under the common law in the absence of a special relationship with the plaintiff's decedent.

2. MCL 767.21; MSA 28.961, pursuant to which the subpoena was issued, does not include civil liability as a penalty for failing to comply.

Affirmed.

WITNESSES — SUBPOENAS DUCES TECUM — FAILURE TO COMPLY — CIVIL LIABILITY.

A person served with a subpoena duces tecum issued by a prosecutor in a grand jury proceeding does not incur civil liability to a third party in failing to comply with the subpoena (MCL 767.21; MSA 28.961).

*Barnhart & Mirer, P.C.* (by *Jeanne Mirer*), for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Free-*

REFERENCES

Am Jur 2d, Witnesses §§ 13, 18 *et seq.*

See ALR Index under Subpoena Duces Tecum.

man (by *Henry W. Saad, Noel D. Massie,* and *Sherisse L. Eddy),* for the defendants.

Before: HOLBROOK, JR., P.J., and SULLIVAN and TAYLOR, JJ.

TAYLOR, J. Plaintiff, Doris Mays, appeals as of right a circuit court order granting summary disposition to defendants, Gillett Communications of Detroit and Bradley M. Stone. The issue presented is whether television personnel had a duty to comply with a grand jury subpoena duces tecum covering videotaped interviews with gang members involved in the shooting death of an off-duty state police trooper. Plaintiff claimed that these gang members subsequently shot her decedent. According to plaintiff, defendants had such a duty, the breach of which resulted in the killers not being apprehended until after the death of plaintiff's decedent. We affirm the trial court's well-reasoned opinion, and hold that defendants had neither a statutory nor a common-law duty toward the decedent.

Many of the facts underlying this case were set forth in *In re Contempt of Stone,* 154 Mich App 121, 123-124; 397 NW2d 244 (1986). In that opinion, this Court held that communications between television reporters and their informants were not privileged under Michigan's shield law, MCL 767.5a; MSA 28.945(1),[1] therefore grand jury inquiry into their communication was permissible.[2]

We agree with the trial court's determination that defendants owed no duty to plaintiff's decedent to disclose the contents of the videotapes. The

---

[1] This statute was subsequently amended by 1986 PA 293 in such a way that *In re Contempt of Stone* would now be decided differently.

[2] Following this Court's release of *In re Contempt of Stone, supra,* and our Supreme Court's denial of leave, defendants continued to challenge the subpoena, unsuccessfully seeking federal habeas corpus relief. See *In re Grand Jury Proceedings,* 810 F2d 580 (CA 6, 1987).

relationship between the parties gave rise to no common-law duty owed by defendants to plaintiff's decedent. See *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 498-499; 418 NW2d 381 (1988); *Hickey v Zezulka (On Resubmission),* 439 Mich 408, 439; 487 NW2d 106 (1992). Because of the lack of a special relationship between the parties and because of our holding, we need not and do not engage in a foreseeability analysis. *Buczkowski v McKay,* 441 Mich 96, 101-103; 490 NW2d 330 (1992). Summary disposition was properly granted. *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 466; 487 NW2d 807 (1992).

While we agree with plaintiff that duty may be established by statute as well as by common law, *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 95; 485 NW2d 676 (1992), we disagree that defendants' failure to immediately and without challenge comply with the statute governing the issuance of the subpoena in this case[3] creates a duty on the part of defendants toward plaintiff's decedent or makes defendants liable in tort. Plaintiff's decedent was shot and he died before defendants had exhausted their legal challenges to the subpoena, which they had a legal right to raise. *In re Contempt of Stone, supra,* and cases cited therein. Further, the statute in question sets forth specific sanctions for the violation of its provisions, and those sanctions do not include civil liability. The intent of the Legislature in passing this statute was simply to give prosecuting authorities the power to subpoena witnesses to appear before a grand jury. We decline to redesign and rewrite this statute, something we would have to do in order to grant plaintiff the relief she desires. *Attorney General v American Way Life Ins Co,* 186 Mich App 679, 682; 465 NW2d 56 (1991).

Affirmed.

---

[3] MCL 767.21; MSA 28.961.