PHILLIPS v DEIHM

Docket Nos. 164586, 171316. Submitted May 11, 1995, at Lansing.
Decided September 15, 1995, at 9:00 A.M.

William R. Phillips, initially through a conservator and later on
his own, brought an action in the Ingham Circuit Court against
Duwayne and Opal Deihm, who are his grandfather and his
grandfather's wife, seeking damages for sexual abuse that he
suffered as a minor at the hands of Duwayne and that Opal
failed to prevent or stop. Following a jury trial, the court,
Thomas L. Brown, J., entered a judgment dismissing the claim
against Opal and awarding damages, as determined by the jury,
against Duwayne. Phillips appealed and Opal Deihm cross
appealed in Docket No. 164586, Duwayne Deihm appealed by
leave granted in Docket No. 171316, and the Court of Appeals
consolidated the appeals. Opal died while the appeals were
pending, and her estate was substituted in her place as party to
the proceedings.

·The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing
Opal to amend her answer to plead parental immunity as an
affirmative defense. The motion to amend the answer was
timely and Phillips failed to show that he was prejudiced by
the amendment.

2. The trial court abused its discretion in denying Phillips'
motion for a directed verdict with regard to the issue of Opal's
parental immunity. A child may maintain a lawsuit against a
parent for injuries suffered as a result of the ordinary negli-
gence of the parent, except where the alleged negligent act
involved an exercise of reasonable parental authority over the
child or where the alleged negligent act involved an exercise of
reasonable parental discretion with respect to the provision of
food, clothing, housing, medical and dental services, and other
care. Here, because Phillips resided in Duwayne and Opal's

REFERENCES

Am Jur 2d, Parent and Child §§ 14, 139; Trial § 1544; Witnesses
§§ 88-90.
See ALR Index under Children; Jury and Jury Trial; Self-Incrimi-
nation.

household when some of the alleged sexual abuse occurred, Opal was a person responsible for Phillips' health or welfare, MCL 722.622(i); MSA 25.248(2)(i), and had a duty to intervene to eliminate any known or knowable unreasonable risk to Phillips, MCL 722.622(d)(ii); MSA 25.248(2)(d)(ii). Opal's failure to act in the face of known or knowable risk of sexual abuse to Phillips did not constitute a reasonable exercise of parental discretion that would have entitled her to the defense of parental immunity.

3. The trial court clearly erred in dismissing Phillips' claim against Opal. There was a genuine issue of material fact concerning whether Opal breached statutory duties owed to Phillips, and the issue should have been decided by the jury. For the same reasons, the trial court did not err in denying Opal's motion for summary disposition of the claim against her.

4. The trial court did not err in granting Phillips' motion for summary disposition with regard to the question of Duwayne's liability. Phillips' testimony on deposition established abuse by Duwayne, and Duwayne neither responded to Phillips' deposition, requests for admissions, or questions on deposition nor provided any other factual support for his defense.

5. The grant of summary disposition against Duwayne did not violate his constitutional privilege against self-incrimination. The privilege against self-incrimination permits a person to refuse to testify at a criminal trial in which the person is a defendant and to refuse to answer questions in a civil proceeding where the answers might incriminate the person in future criminal proceedings. However, the privilege does not forbid adverse inferences against a party to a civil action where, as here, the party refuses to testify in response to probative evidence against the party. Additionally, summary disposition against Duwayne was proper because, in responding to the motion for summary disposition, he rested on the allegations and denials in his pleadings and did not submit an affidavit or otherwise set forth specific facts showing a genuine issue for trial, MCR 2.116(G)(4). By failing to cite authority in support of the claim that the grant of summary disposition against him violated Opal's spousal privilege, Duwayne has abandoned that claim on appeal.

6. The trial court did not abuse its discretion in admitting into evidence the testimony of Phillips' experts regarding damages.

7. The trial court did not abuse its discretion in allowing the interruption of Phillips' trial testimony to permit the presentation of the testimony of Phillips' medical experts. MRE 611

grants a trial court broad power to control the manner in which witnesses are called.

8. The trial court did not err in allowing the jury to consider during its deliberations charts not introduced into evidence but used by the prosecution during closing argument. Phillips did not object to the use of the charts during closing argument, and the charts were not unfairly prejudicial to Phillips.

9. Appellate review of the claim that the trial court erred in instructing the jury that the jury could award damages for future loss of earning capacity is precluded in the absence of an objection at trial to the instruction and a showing of manifest injustice.

10. In light of the evidence presented by Phillips, the trial court did not err in denying Duwayne's motions for a new trial and remittitur.

Affirmed in part, reversed in part, and remanded for further proceedings regarding the claim against Opal.

1. PARENT AND CHILD — NEGLIGENCE — PARENTAL IMMUNITY.

A child may maintain a lawsuit against a parent for injuries suffered as a result of the alleged ordinary negligence of the parent, except where the alleged negligent act involved an exercise of reasonable parental authority over the child or where the alleged negligent act involved an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care; whether particular conduct falls within one of the exceptions is a question of law that is decided by the court.

2. INFANTS — NEGLIGENCE — SEXUAL ABUSE.

A person who is eighteen years old or older and is responsible for a child's health or welfare has a duty to act reasonably to prevent the sexual abuse of that child; breach of that duty is actionable negligence.

3. CONSTITUTIONAL LAW — PRIVILEGE AGAINST SELF-INCRIMINATION — CIVIL PROCEEDINGS.

The privilege against self-incrimination not only permits a person to refuse to testify at a criminal trial in which the person is a defendant, but also permits the person not to answer official questions in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate the person in future criminal proceedings; however, the privilege does not forbid adverse inferences against a party to a civil action when the party refuses to testify in response to probative evidence offered against the party (US Const, Am V).

4. Jury — Documents not Introduced as Evidence.

  The submission to the jury of documents not admitted into evidence does not constitute error requiring reversal unless substantial prejudice to a party's case occurs as a result.

*Bernick, Omer & Scott, P.C.* (by *Keldon K. Scott*), *Anderson, Stull & Associates* (by *David J. Anderson*) and *Patrick L. Rose,* for William R. Phillips.

*Kallas & Henk, P.C.* (by *Leonard A. Henk*), for Estate of Opal Deihm.

*Bullen, Moilanen, Klaasen & Swan, P.C.* (by *David W. Swan*), for Duwayne Deihm.

Before: Hoekstra, P.J., and Wahls and G. S. Buth,* JJ.

Wahls, J. Plaintiff, initially through a conservator and later on his own, brought and maintained an action seeking damages for the sexual abuse inflicted upon him by defendant Duwayne Deihm over an eight-year period. Opal Deihm was named as a defendant because she allegedly was aware of, but failed to prevent, the sexual abuse. After the filing of these appeals, Opal passed away and her estate has been substituted as a party to the appeals.

In Docket No. 164586, plaintiff appealed as of right the trial court's dismissal of the claim against Opal at the conclusion of a jury trial. Opal cross appealed, challenging the trial court's earlier refusal to grant her motion for summary disposition. In plaintiff's appeal, we reverse the trial court judgment dismissing the claim against Opal. In Opal's cross appeal, we affirm the order denying her motion for summary disposition.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In Docket No. 171316, Duwayne appeals by leave granted from the trial court judgment incorporating a jury award in favor of plaintiff. We affirm.

At trial, plaintiff testified that Duwayne sexually abused him approximately 150 times. The abuse began when plaintiff was three years old, and stopped when he was eleven. For a time, the abuse occurred almost on a daily basis. The abuse occurred mostly in the home of Duwayne and Opal, who slept in separate bedrooms.

I

In Docket No. 164586, plaintiff argues that the trial court abused its discretion when it granted Opal's motion to amend her answer to add an affirmative defense. We disagree. A court should freely grant leave to amend a complaint when justice so requires. MCR 2.118(A)(2); *Patillo v Equitable Life Assurance Society,* 199 Mich App 450, 456; 502 NW2d 696 (1993). The rules pertaining to the amendment of pleadings are designed to facilitate amendment except when prejudice to the opposing party would result. *Patillo, supra,* p 456. This Court will not reverse a trial court's decision on a motion to amend a complaint absent an abuse of discretion that results in injustice. *Price v Long Realty, Inc,* 199 Mich App 461, 469; 502 NW2d 337 (1993).

Here, the scheduling conference order established the deadline for discovery as December 3, 1992, and the deadline for motions on the pleadings as January 15, 1993. On January 14, 1993, Opal moved for summary disposition or, in the alternative, argued that she was entitled to the defense of parental immunity. Under the scheduling order, Opal's motion was timely.

At the same time she moved for summary disposition, Opal moved to amend her pleadings so that they would conform to the evidence. Opal's motion for summary disposition was brought in part pursuant to MCR 2.116(C)(8) and (10). Accordingly, when the trial court denied Opal's motion for summary disposition, it was required to allow Opal to amend her pleadings. MCR 2.116(I)(5).

In addition, plaintiff did not request additional time for discovery, nor did he request a postponed trial date. Under these circumstances, even though Opal's motion came after the close of discovery and after mediation, plaintiff has not shown prejudice. *Terhaar v Hoekwater,* 182 Mich App 747, 751-752; 452 NW2d 905 (1990). The trial court did not err in allowing Opal to amend her pleadings.

Similarly, the trial court has discretion to strike all or part of the pleadings of a party who fails to produce documents or other tangible evidence pursuant to a subpoena or an order to attend. MCR 2.506(F)(3). This Court reviews discretionary decisions of the trial court for an abuse of discretion. See *Price, supra,* p 466. An appellate court will find an abuse of a trial court's discretion only if an unprejudiced person, considering the facts upon which the trial court made its decision, would conclude that there was no justification for the ruling made. *People v Miller,* 198 Mich App 494, 495; 499 NW2d 373 (1993). Here, plaintiff has not shown that the trial court abused its discretion in denying plaintiff's motion to strike.

II

Plaintiff argues that the trial court abused its discretion in denying his motion for a directed verdict with regard to the issue of Opal's parental immunity. We agree. In reviewing a denial of a

motion for a directed verdict, this Court examines the evidence in a light most favorable to the nonmoving party to determine whether sufficient evidence was presented to create an issue for the jury. *Cleary v Turning Point,* 203 Mich App 208, 210; 512 NW2d 9 (1994). This Court will not disturb the trial court's decision unless there has been a clear abuse of discretion. *Id.,* p 211.

Generally, a child may maintain a lawsuit against a parent for injuries suffered as a result of the alleged ordinary negligence of the parent. *Plumley v Klein,* 388 Mich 1, 8; 199 NW2d 169 (1972); *Ashley v Bronson,* 189 Mich App 498, 501; 473 NW2d 757 (1991). However, the doctrine of parental immunity provides two exceptions to this general rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. *Plumley, supra,* p 8; *Ashley, supra,* p 501. Thus, if Opal was exercising reasonable parental authority over plaintiff, then she is immune from liability. *Plumley, supra,* p 8; *Ashley, supra,* p 501.

In determining whether a defendant was exercising reasonable parental authority, the question is not whether the defendant acted negligently, but whether the alleged act reasonably fell within one of the *Plumley* exceptions. *Ashley, supra,* p 506. The determination whether conduct falls within one of the *Plumley* exceptions is a question of law for the court. *Id.,* pp 504, 506. For purposes of determining whether parental immunity applies, and because this inquiry requires characterization of the type of activity of the defendant, this

Court has assumed the truth of the plaintiff's allegations. See *id.,* pp 502, 506-507.

Here, plaintiff testified that Opal was a light sleeper and that she was in the room next to his when Duwayne anally raped him. Plaintiff screamed loudly while he was being raped. Plaintiff also testified that Opal slept just two or three feet away when the three were sleeping in a pickup truck while on a vacation. Plaintiff cried out when Duwayne sodomized him on that occasion as well.

If plaintiff's allegations are to be believed, Opal's alleged failure to act could constitute criminal neglect. Since Opal resided in the same home in which plaintiff resided for a period during which plaintiff was raped, she is a "person responsible for the child's health or welfare." MCL 722.622(i); MSA 25.248(2)(i). Opal had a statutory duty to intervene to eliminate any unreasonable risk to plaintiff when she was able to do so and had, or should have had, knowledge of the risk. MCL 722.622(d)(ii); MSA 25.248(2)(d)(ii). Child neglect is not a reasonable exercise of parental discretion. As a matter of law, Opal is not entitled to the defense of parental immunity. *Ashley, supra,* p 506. Accordingly, the trial court abused its discretion by denying plaintiff's motion for a directed verdict with regard to Opal's affirmative defense of parental immunity.

III

Once it has been determined that Opal's alleged conduct does not fall under the doctrine of parental immunity, the question remains regarding whether there is a genuine issue of material fact concerning her negligence. Plaintiff argued that the trial court abused its discretion in dismissing

plaintiff's cause of action against Opal. Opal counterargued that the trial court should have granted her motion for summary disposition. We agree with plaintiff that his cause of action against Opal should not have been dismissed. This Court reviews a decision to grant or deny a motion for involuntary dismissal under the clearly erroneous standard. *Sullivan Industries, Inc v Double Seal Glass Co, Inc,* 192 Mich App 333, 339; 480 NW2d 623 (1991). The trial court's decision will not be overturned unless the evidence manifestly preponderates against the decision. *Id.*

To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Berryman v K mart Corp,* 193 Mich App 88, 91-92; 483 NW2d 642 (1992). The issue whether a defendant owes an actionable legal duty to a plaintiff is a question of law that the court must decide after assessing the competing policy considerations for and against recognizing the asserted duty. *Schultz v Consumers Power Co,* 443 Mich 445, 450; 506 NW2d 175 (1993); *Colangelo v Tau Kappa Epsilon Fraternity,* 205 Mich App 129, 132; 517 NW2d 289 (1994).

As a general rule, there is no duty to protect against the criminal acts of a third person absent a special relationship between the defendant and the plaintiff or the defendant and the third person. *Babula v Robertson,* 212 Mich App 45, 49; 536 NW2d 834 (1995). Here, however, Opal had a duty to protect plaintiff. A duty can arise by statute, as well as by common law. *Mays v Gillett Communications of Detroit, Inc,* 198 Mich App 223, 225; 497 NW2d 218 (1993). As stated earlier, Opal's alleged

failure to act could constitute criminal neglect. MCL 722.622(d)(ii); MSA 25.248(2)(d)(ii). We hold that a person over eighteen years of age who is responsible for a child, as defined by MCL 722.622(i); MSA 25.248(2)(i), has a duty to act reasonably to prevent the sexual abuse of that child.

The question whether Opal breached her duty was a question of fact for the jury to determine. *Knight v Gulf & Western Properties, Inc,* 196 Mich App 119, 125; 492 NW2d 761 (1992). Accordingly, the trial court clearly erred in dismissing plaintiff's claim against Opal. *Sullivan Industries, supra,* p 339. For the same reasons, the trial court did not err in denying Opal's motion for summary disposition.

IV

In Docket No. 171316, Duwayne argues that the trial court erred in granting plaintiff's motion for summary disposition with respect to liability. We disagree. A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support of a claim. *Skinner v Square D Co,* 445 Mich 153, 161; 516 NW2d 475 (1994). The court must consider the affidavits, pleadings, depositions, admissions, and documentary evidence submitted or filed in the action. *Id.* The court's task is to review the record evidence, giving the benefit of reasonable doubt to the opposing party, and decide whether a genuine issue of material fact exists to warrant a trial. *Id.,* pp 161-162. An appellate court similarly makes all legitimate inferences in favor of the nonmoving party, *id.,* p 162, and reviews the trial court's decision de novo. *Wieringa v Blue Care Network,* 207 Mich App 142, 144; 523 NW2d 872 (1994).

Contrary to Duwayne's claim, a copy of plaintiff's deposition was filed with the trial court before the trial court granted plaintiff's motion for summary disposition regarding liability. In that deposition, plaintiff testified about numerous instances when Duwayne pulled down plaintiff's pants, fondled plaintiff, sucked plaintiff's penis, and penetrated plaintiff anally. Plaintiff estimated that Duwayne performed fellatio on plaintiff forty or fifty times. Duwayne forced plaintiff to perform fellatio on Duwayne an additional forty or fifty times.

In response to plaintiff's testimony, Duwayne neither offered a defense nor responded to the complaint, requests for admissions, or deposition questions. Because there was no factual support for Duwayne's defense, summary disposition in favor of plaintiff was appropriate with respect to liability. *Skinner, supra,* p 161.

v

Duwayne argues that the trial court violated his rights against self-incrimination and his wife's spousal privilege. We disagree. The trial court did not grant plaintiff's motion for summary disposition regarding liability as a penalty for Duwayne's invocation of his Fifth Amendment rights. Rather, the trial court protected Duwayne's rights by allowing him to refuse to answer requests for admission and deposition questions. Nevertheless, the trial court felt that it would be a "big waste of my time if all we are going to get at trial is, well, I'm invoking the Fifth. I don't see what the jury would do except give them a judgment of some sort."

The privilege against self-incrimination not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant,

but also permits him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. *Allen v Illinois*, 478 US 364, 368; 106 S Ct 2988; 92 L Ed 2d 296 (1986); *In re Stricklin*, 148 Mich App 659, 663; 384 NW2d 833 (1986). However, the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the amendment does not preclude the inference where the privilege is claimed by a party to a civil cause. *Baxter v Palmigiano*, 425 US 308, 318; 96 S Ct 1551; 47 L Ed 2d 810 (1976).

The privilege against self-incrimination under the Michigan Constitution is no more extensive than the privilege afforded by the Fifth Amendment of the United States Constitution. *Stricklin, supra,* p 664. This Court's reasoning in *Stricklin, supra,* p 665, is equally persuasive here:

> Any penalty resulting from appellants' failure to testify was no more than the "penalty" that any party suffers when he decides not to testify in his own defense. Appellants retained the unfettered discretion to testify or not to testify; had they chosen to testify, it would have been because the testimony would have increased their chances of retaining their parental rights, and not because of a penalty imposed by the state upon their refusal to testify. The choice not to testify was no more than appellants' tactical decision as to the best course to follow through the probate and criminal proceedings.

When a motion under MCR 2.116(C)(10) is made and supported as provided by the court rule, an adverse party may not rest upon the mere allega-

tions or denials in that party's pleadings, but must, by affidavits or as otherwise provided, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). If the adverse party does not so respond, judgment shall be entered against that party if appropriate. *Id.* Here, because Duwayne did not respond to plaintiff's evidence, the trial court did not violate Duwayne's privilege against self-incrimination in granting plaintiff's motion for summary disposition with respect to liability. *Stricklin, supra,* p 665.

As for Duwayne's argument concerning Michigan's statutory spousal privilege, the cases he cited solely concern the Fifth Amendment. Duwayne's brief did not cite a single case that dealt with Michigan's spousal privilege. Accordingly, that part of the argument was abandoned. *Isagholian v Transamerica Ins Corp,* 208 Mich App 9, 14; 527 NW2d 13 (1994). This Court will not search for authority to sustain or reject a party's position. *Id.* In any case, Duwayne's argument would fail for the same reasons as above. MCR 2.116(G)(4).

VI

Duwayne argues that the trial court abused its discretion in allowing plaintiff's experts to testify about purely speculative damages. We disagree. A trial court's decision to admit expert testimony under MRE 702 or to exclude it as speculative is reviewed for an abuse of discretion. *Phillips v Mazda Motor Mfg (USA) Corp,* 204 Mich App 401, 412; 516 NW2d 502 (1994).

A person may be qualified to testify as an expert witness by virtue of the person's knowledge, skill, experience, training, or education in the subject matter of the testimony. MRE 702; *Phillips, supra,* p 412. The weight given to the testimony of ex-

perts is for the jury to decide. *People v Whitfield,* 425 Mich 116, 124; 388 NW2d 206 (1986). Where such testimony is purely speculative, it should be excluded or stricken pursuant to MRE 403. *Phillips, supra,* p 412. Here, after reviewing the record, we conclude that the trial court did not abuse its discretion in admitting the testimony of plaintiff's experts.

### VII

Duwayne argues that the trial court abused its discretion in allowing the interruption of plaintiff's examination in order to present the testimony of plaintiff's medical experts. We disagree. The first interruption of which defendant complains occurred at 4:30 P.M. when the trial court adjourned for the day. The second and third interruptions were made to accommodate the schedules of the two witnesses. Under MRE 611, a trial court has broad power to control the manner in which witnesses are called. *Phillips, supra,* p 415. The mode and order of interrogation is within the trial court's discretion. *Id.* Here, no abuse of discretion was shown.

### VIII

Defendant argues that the trial court erred in allowing the jury to consider during its deliberations charts that were not introduced as evidence. We disagree. The consideration of documents that are not admitted into evidence but are submitted to the jury does not constitute error requiring reversal unless the error operated to substantially prejudice the party's case. *Beasley v Washington,* 169 Mich App 650, 660; 427 NW2d 177 (1988).

Several panels of this Court have reversed on

the basis of this error. See, e.g., *id.; Eley v Turner,* 155 Mich App 195, 200; 399 NW2d 28 (1986); *People v Jones,* 128 Mich App 335, 337; 340 NW2d 302 (1983); *People v Allen,* 94 Mich App 539, 544, 546, 548; 288 NW2d 451 (1980); *People v Talley,* 56 Mich App 598, 601; 224 NW2d 660 (1974); *People v Page,* 41 Mich App 99, 103; 199 NW2d 669 (1972). However, in each of those cases, the evidence that was submitted to the jury was either inadmissible or had not been shown to the jury before.

Here, in contrast, Duwayne did not object to the charts when they were first shown to the jury during closing arguments. The charts in the jury room contained nothing that the jury had not already seen without objection in open court. *Hirdes v Selvig,* 369 Mich 173, 180; 119 NW2d 537 (1963); see also *Metcalf v Waterbury,* 60 Mich App 553, 558; 231 NW2d 437 (1975). It was not shown that anything unfairly prejudicial to defendant was on the charts. *Hirdes, supra,* p 180. In addition, defendant had a full opportunity to comment about the charts during closing argument. The submission of this evidence to the jury did not substantially prejudice Duwayne's case. *Beasley, supra,* p 660.

IX

Defendant argues that the trial court erred in instructing the jury that it could award damages for future loss of earning capacity. However, when a party fails to object to jury instructions, appellate review is precluded absent manifest injustice. *Gore v Rains & Block,* 189 Mich App 729, 741; 473 NW2d 813 (1991). Here, plaintiff did not request any damages for future loss of earning capacity. We do not find any manifest injustice caused by the jury's instructions. *Id.*

x

Duwayne argues that the trial court abused its discretion in denying his motion for a new trial or remittitur. We disagree. First, Duwayne argues that a new trial is warranted because the court granted plaintiff's motion for summary disposition with respect to liability. We disagree. See issues iv and v, *supra.*

Second, defendant argues that the amount of the verdict was not supported by the evidence. We disagree. An appellate court should reverse the trial court's decision regarding a motion for additur or remittitur only if an abuse of discretion is shown. *Bordeaux v Celotex Corp,* 203 Mich App 158, 171; 511 NW2d 899 (1993). Other than the size of the verdict, defendant presents no argument that the verdict was influenced by prejudice. The trial court is in the best position to determine whether a jury's verdict was motivated by impermissible considerations. *Id.,* p 172.

The proper consideration in deciding a motion for remittitur is whether the jury award was supported by the evidence. *Wilson v General Motors Corp,* 183 Mich App 21, 38; 454 NW2d 405 (1990). The trial court's inquiry is limited to objective considerations regarding the evidence adduced and the conduct of the trial. *Id.* Appellate courts must defer to a trial court's decision because of the trial court's superior ability to view the evidence and evaluate the credibility of the witnesses. *Bordeaux, supra,* p 171.

Here, the record is replete with heinous acts over many years, acts that caused plaintiff substantial emotional and physical pain. Expert witnesses opined regarding potential lifelong consequences, with plaintiff reliving the traumatic experiences as if for the first time. Testimony showed

that plaintiff would need extensive psychiatric and medical care. It is impossible to put a dollar value on the suffering of a great deal of pain and suffering and humiliation. *Stowers v Wolodzko,* 386 Mich 119, 142; 191 NW2d 355 (1971). When the evidence is considered in the light most favorable to plaintiff, *id.,* the trial court did not abuse its discretion in denying Duwayne's motion for remittitur. *Bordeaux, supra,* p 171.

## XI

Finally, Duwayne argues that the cumulative effect of the trial court's errors deprived him of a fair and impartial trial. We disagree. The only error here was in allowing the jury to view the charts in the jury room. As discussed in issue VIII, *supra,* this error does not require reversal.

In Docket No. 171316, the judgment incorporating the jury verdict against Duwayne is affirmed. In Docket No. 164586, the order denying Opal's motion for summary disposition is affirmed. The order granting Opal's motion to amend and the order denying plaintiff's motion to strike Opal's pleadings are affirmed. However, the order dismissing Opal is reversed and the matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.