*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MUNSON/NELSON, Minors.

UNPUBLISHED
September 10, 2019

No. 347550
Schoolcraft Circuit Court
Family Division
LC No. 2018-003276-NA

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In this child-protective proceeding, respondent appeals as of right following the trial court's entry of an initial dispositional order placing respondent's five children in the temporary custody of the trial court. Respondent challenges the trial court's earlier order of adjudication, following a jury trial, determining that the court had jurisdiction over respondent's children. We affirm.

## I. BACKGROUND

For seven years, respondent resided in a home with his children, his girlfriend, and her two children. In early 2018, his girlfriend's teenage daughter accused respondent of sexually assaulting her. Respondent denied the child's allegations of sexual assault.

The Department of Health and Human Services (DHHS) filed a petition seeking removal of respondent's five children and his girlfriend's two children from the home based on the teenager's allegations of sexual assault. The trial court authorized the filing of the petition and respondent asserted his right to a jury trial.

Before the adjudication trial, the DHHS indicated that it intended to call respondent as a witness. The DHHS conceded that doing so "would set up some self-incrimination issues" because respondent was then facing criminal prosecution related to the child's allegations of sexual assault. Respondent's counsel stated that he might "plead the Fifth or not" at the adjudication trial. The trial court ruled that respondent did not have a constitutional right not to be called as a witness, but a constitutional right not to answer incriminating questions. Therefore, the trial court ruled that the DHHS could call respondent as a witness. At some point after the adjudication trial, the prosecutor dismissed the criminal charges against respondent.

-1-

At the adjudication trial, the child testified that she was 15 years old and that respondent repeatedly raped and otherwise sexually molested her over an extended period of time. The DHHS presented DNA evidence indicating that the child's DNA was present on a sex toy that the child claimed to have been used by respondent during one of the sexual assaults. Respondent's girlfriend, who was the child's mother, testified that she did not believe the child's allegations, that her daughter was not honest, and that she made up stories. The girlfriend's parental rights to her daughter were later terminated, and she did not contest that termination.

The DHHS called respondent to testify as a witness. Respondent answered some questions, but exercised his Fifth Amendment rights by refusing to answer other questions. Specifically, respondent refused to answer questions regarding whether he engaged in domestic violence in his relationships with the mothers of his children. Respondent also refused to answer questions regarding whether he had sexual contact with his girlfriend's daughter.

The DHHS presented testimony from a Michigan State Police Trooper that he asked respondent about pornography during the investigation of this matter, and respondent stated that he did not view pornography. As the result of a search warrant, the trooper seized several electronic devices from respondent's home and located pornographic videos on those devices. When the trooper asked respondent about the videos, respondent replied that everyone lies about pornography.

At the request of the DHHS, and over respondent's objection, the trial court admitted respondent's Internet search history into evidence at trial. That search history included instances of father-daughter pornography, including a search for "real dad caught f***** his own daughter" and a search of a pornographic website for "dads and daughters." Respondent argued that the DHHS had "cherry picked" the most salacious entries from his Internet search history by focusing on two days of searches from a three-year search history. The trial court ruled that the entire search history was relevant.

At the close of trial, the DHHS argued that, under a theory of anticipatory neglect, the jury could consider how respondent treated his girlfriend's child as evidence of how he might treat his own children. The jury found that each of respondent's children had not been provided with proper or necessary care, were subject to substantial risks of harm to their mental well-being, and lived in an unfit home environment. The trial court determined that it had grounds to exercise jurisdiction over the children under MCL 712A.2(b) and entered an order of disposition placing respondent's five children in the temporary custody of the court.

After the adjudication trial, the girlfriend filed a motion seeking the return of her son to her custody. The child's guardian ad litem (GAL) opined that any risk to the child was low and supported the return of the child to his mother's care, provided that the child had no contact with respondent. The trial court agreed to return the child to his mother's care, in light of the fact that respondent no longer lived with her.

Respondent now appeals the trial court's order of adjudication.

## II. ANALYSIS

### A. ADJUDICATIVE TRIAL

In a child-protective proceeding, once the trial court authorizes the filing of a petition to exercise jurisdiction over a child, the adjudication phase of proceedings follows. *In re Ferranti*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 157907); slip op at 9. "The question at adjudication is whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights." *Id*. The trial court can exercise jurisdiction if the DHHS proves the allegations at trial. *Id*.

At an adjudication trial, "the respondent is entitled to a jury, the rules of evidence generally apply, and the petitioner has the burden of proving by a preponderance of the evidence one or more of the statutory grounds for jurisdiction alleged in the petition." *Id*. (cleaned up). The adjudicative phase of child-protective proceedings is of "critical importance" because the adjudication divests a parent of his constitutional rights to parent a child and gives the state that authority instead. *Id*. Thus, the procedures used in adjudicative hearings are designed to "protect the parents from the risk of erroneous deprivation of their parental rights." *Id*. (cleaned up).

### B. ADJOURNMENT

Respondent first argues that the trial court erred by failing to adjourn the adjudication trial in his child-protective proceeding until the completion of his criminal trial. We conclude that respondent has waived appellate review of this issue.

A party waives an issue by expressly approving of the trial court's action. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). A waiver extinguishes any error, leaving nothing for this Court to review. *Id*. at 215-216. Counsel's affirmative statement that he or she has no objections constitutes an express approval of the trial court's action. *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011).

In this case, when asked whether respondent wanted the case tried as soon as possible, respondent replied that it would depend on the court's scheduling order. The only motion for an adjournment in this case was filed by respondent's girlfriend, and she requested an adjournment because of a discovery matter. At a pretrial hearing in November 2018, while discussing the availability of witnesses at the then-scheduled trial, the trial court asked whether anyone sought an adjournment and counsel for both petitioner and respondent replied, "No." Accordingly, we conclude that respondent has waived this issue by counsel's affirmative statement that respondent did not seek an adjournment of the adjudication trial.

### C. COMPELLED SELF-INCRIMINATION

Respondent next argues that the trial court erred by requiring him to take the witness stand, in the presence of the jury, to assert his Fifth Amendment right against compelled self-

incrimination. Respondent argues that this procedure allowed the jury to make a negative inference from his assertion of his constitutional right. We reject respondent's argument.

This Court reviews de novo issues of constitutional law. *In re Blakeman*, 326 Mich App 318, 331; 926 NW2d 326 (2018). The United States and Michigan Constitutions guarantee a person the right to be protected from compelled self-incrimination. US Const, Am V; Const 1963, art 1, § 17. "The privilege against self-incrimination permits a defendant to refuse to answer official questions in any other proceeding, no matter how formal or informal, if the answer may incriminate him or her in future criminal proceedings." *Blakeman*, 326 Mich App at 333. In this case, respondent did exactly what he was entitled to do—he refused to answer certain questions at the adjudication trial on the grounds that the answers to those questions might incriminate him in criminal proceedings.

Respondent argues, however, that the trial court violated his right against compelled self-incrimination by requiring him to assert his rights in the presence of the jury. Respondent argues that this procedure allowed the jury to infer that respondent had something to hide. Contrary to respondent's argument, the Fifth Amendment does not "forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the amendment does not preclude the inference where the privilege is claimed by a party to a civil cause." *Phillips v Deihm*, 213 Mich App 389, 400; 541 NW2d 566 (1995). Child-protective proceedings are not criminal proceedings. MCL 712A.1(2). The adverse inference is therefore permissible in a child-protective proceeding. The trial court did not err by requiring respondent to take the witness stand and assert before the jury his right to be protected against compelled self-incrimination.

## D. EVIDENCE OF PORNOGRAPHIC MATERIALS

Respondent next argues that the trial court erred by admitting evidence at his adjudication trial that he possessed pornographic materials on his electronic devices. Respondent raises several arguments regarding pornographic materials, including an alleged violation of MRE 403, the trial court's admission of the materials as separate exhibits rather than a single exhibit, and an alleged violation of MRE 404(b).

The Michigan Rules of Evidence apply at an adjudication trial in a child-protective proceeding. MCR 3.972(C)(1). This Court reviews for an abuse of discretion preserved challenges to the trial court's evidentiary rulings. *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008). The trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id*.

Respondent argues that the trial court abused its discretion when it admitted evidence regarding respondent's Internet-search history involving pornographic materials because the evidence was inadmissible under MRE 403. The trial court may not admit evidence if the danger of its prejudicial effect substantially outweighs its probative value. MRE 403. "Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony by the trial judge." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008) (cleaned up). The prejudicial effect of the evidence substantially outweighs its probative value when the evidence is needlessly cumulative, when there is a danger that the trier of fact

may give it undue or preemptive weight, or when use of the evidence is inequitable. *Id.* Yet, as "we have previously noted, a party may strike as hard as he can above, but not below, the belt." *Id*. (cleaned up).

In this case, the evidence was of more than marginally probative value. At trial, a witness employed by the Michigan State Police testified that he extracted material from an electronic device that was recovered from respondent's house, and that the search history involved pornographic material, including purported parent-child videos. One entry from respondent's search history was "real dad caught f****** his own daughter," and the resulting website was shown as visited. A separate search of a pornographic website was for "dads and daughters." This evidence of respondent's Internet search history was probative because respondent's interest in familial pornography tended to make it more likely that respondent, who was the male caretaker for his girlfriend's child, sexually assaulted her.

Furthermore, this evidence was not substantially more prejudicial than probative. "[T]he fear of prejudice does not generally render the evidence inadmissible" because all evidence offered by the parties is prejudicial to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909, mod 450 Mich 1212 (1995). MRE 403 only excludes evidence when its probative value is substantially outweighed by the danger of unfair prejudice. *Id*. Evidence is unfairly prejudicial if it leads to the danger of confusing the issues, misleading the jury, or results in the presentation of needlessly cumulative evidence. *People v Watkins*, 491 Mich 450, 489, 486; 818 NW2d 296 (2012). In this case, the fact that the evidence regarding pornographic materials was damaging to respondent did not render that evidence substantially more prejudicial than probative. We conclude that the trial court's decision to admit this evidence fell within the range of principled outcomes.

Respondent argues that the evidence regarding pornographic materials potentially confused the jury because the Internet pornography was not, specifically, child pornography. A party may not appeal on the basis of an error that the party created. *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010). In this case, no mention was made of child pornography at the adjudication trial until respondent's counsel, on cross-examination, asked the witness employed by the Michigan State Police if any of respondent's electronic devices contained child pornography. The witness responded that a few of the pictures potentially qualified as child-sexually-abusive material, but he then agreed that if the subjects in the videos were children, their ages were not obvious. To the extent that the evidence concerning pornography could have confused the jury about whether respondent possessed child pornography, respondent's own counsel created the issue through her questioning at the adjudication trial. Therefore, respondent is not entitled to relief on this issue.

Respondent next argues that the trial court should have admitted the evidence regarding pornographic materials as a single exhibit rather than separate exhibits. It is the responsibility of the trial judge "to control the introduction of evidence, to assess the total of trial facets and use discretion." *People v Howard*, 391 Mich 597, 606; 218 NW2d 20 (1974). See also MRE 611(a). The rule of completeness provides that, "[w]hen a writing . . . is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing . . . which ought in fairness to be considered contemporaneously with it." MRE 106. It is rooted in the idea that a writing can only be accurately understood in its context. *People v McReavy*, 436

Mich 197, 214-215; 462 NW2d 1 (1990). This rule applies when a party "sought, but was denied, permission to have a complete writing or recorded statement introduced." *People v McGuffey*, 251 Mich App 155, 161; 649 NW2 801 (2002).

In this case, the trial court ruled that respondent's entire Internet-search history was relevant. Accordingly, the trial court did not deny respondent permission to have the complete statement introduced to show the context in which the searches took place. Furthermore, the trial court's discretionary decision to allow the evidence to be introduced as multiple exhibits rather than a single exhibit did not fall outside the range of principled outcomes.

We conclude that respondent has abandoned any additional arguments concerning the evidence regarding pornographic materials by failing to support those arguments. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims," nor may he give only cursory treatment of an issue with little or no citation of supporting authority. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) (cleaned up). "Such cursory treatment constitutes abandonment of the issue. *Id*. In the section of his brief stating the issue on appeal, respondent states that the trial court should not have admitted other-acts evidence. Yet, in the substantive portion of his brief, respondent does not address MRE 404 or other-acts evidence. Similarly, while respondent argues that he was unable to defend against the evidence of pornographic materials because petitioner did not mention pornographic materials in the petition to terminate his parental rights, respondent provides no law or analysis to support this position. We conclude that respondent has abandoned these issues.

## E. SUFFICIENCY OF THE EVIDENCE

Finally, respondent argues that the evidence was insufficient to support the jury's verdict at the conclusion of the adjudication trial because another child was placed in respondent's care during the pendency of these proceedings. The party seeking reversal on appeal has the burden to provide the court with a record that establishes the factual basis that predicates his or her argument. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). While the record indicates that one of his girlfriend's children was returned to her care, this occurred after the girlfriend assured officials that respondent had moved out of the home. The record does not reflect that any child was returned to respondent's care during the pendency of these proceedings.

Furthermore, the evidence introduced at the adjudication trial was sufficient to support the jury's verdict. This Court reviews a trial court's decision to exercise jurisdiction over children for clear error. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). A finding is clearly erroneous if, after reviewing the entire record, this Court is definitely and firmly convinced that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

The family division of circuit court has jurisdiction over a juvenile under 18 years of age whose parent "neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, [or] who is subject to a substantial risk of harm to his or her mental well-being." MCL 712A.2(b)(1). The court also has jurisdiction if the juvenile's "home or environment, by reason of neglect, cruelty, drunkenness,

criminality, or depravity on the part of a parent . . . or other custodian, is an unfit place for the juvenile to live in." MCL 712A.2(b)(2). The doctrine of anticipatory neglect may be applied to confer jurisdiction on the trial court over minor children on the basis of injuries to another child. *In re BZ*, 264 Mich App at 296.

In this case, the child testified that respondent raped her four or more times, molested her more times than she could remember, and threatened to harm her if she told anyone. The child gave in-depth testimony about specific instances, one of which was corroborated by DNA evidence. Respondent refused to answer whether he had sexual contact with the child because he might incriminate himself. The jury was entitled to find the child's testimony credible, and it was entitled to consider the evidence of respondent's treatment of the child in his care as evidence of how respondent might treat his own children. We conclude that the evidence does not clearly preponderate against the jury's findings.

Affirmed.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly