*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID CHAFFIN,

        Plaintiff-Appellant,

v

KILO HASSAN,

        Defendant-Appellee.

UNPUBLISHED
December 26, 2019

No. 345307
Washtenaw Circuit Court
LC No. 18-000581-NO

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing his case against defendant, Kilo Hassan. Plaintiff argues that the trial court erred by granting summary disposition to defendant because he was entitled to recovery from defendant under the doctrine of respondeat superior, as a result of an assault on plaintiff by defendant's alleged employee. We affirm.

This case appears to involve an assault committed by a third party against plaintiff in June 2017 at the Bongz & Thongz store in Ann Arbor, Michigan. The assailant was tried and convicted of assault. Plaintiff now brings suit against defendant, alleging that he was the owner of the store and, therefore, responsible for damages. Plaintiff filed a cursory, four-sentence complaint, alleging only that he suffered injuries in the assault and that he had nightmares about his assailant. The trial court granted plaintiff an opportunity to amend his complaint; in his amended complaint, plaintiff alleged merely that defendant was the assailant's "respondeat superior." Plaintiff then filed a motion seeking $275,000 for pain and suffering. Defendant responded by moving for summary disposition under MCR 2.116(C)(8) and argued that plaintiff failed to state a claim upon which relief could be granted. The trial court dismissed plaintiff's claim for failing to comply with the Michigan Court Rules and to state a claim upon which relief could be granted. Plaintiff now appeals.

We review the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(8) allows the trial court to grant a motion for summary disposition if "[t]he opposing party has failed to state a claim on which relief can be granted."

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Maiden*, 461 Mich at 119-120 (quotation marks and citations omitted).]

In this case, plaintiff has failed to state a claim on which relief can be granted. A review of all plaintiff's pleadings shows no colorable claim. Plaintiff has only alleged that he remains in pain as a result of the assault. Even accepting this fact as true and viewing it in the light most favorable to him, plaintiff has failed to explain how this fact alone creates a civil cause of action. Furthermore, plaintiff loosely connected defendant to the assault by alleging that defendant was the assailant's employer, but the complaint fails to allege how defendant was responsible for the assailant's actions. In short, plaintiff failed to plead anything resembling an actionable claim. Thus, there is no claim to enforce, and no factual development could justify plaintiff's recovery. See *id*. Accordingly, the trial court did not err when it dismissed plaintiff's claim.

Furthermore, plaintiff's argument on appeal is abandoned. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Because this state's courts do not serve as the research assistants of the litigants before them, *Walters*, 481 Mich at 388, "[t]his Court will not search for authority to sustain or reject a party's position," *Phillips v Deihm*, 213 Mich App 389, 401; 541 NW2d 566 (1995). "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006). Plaintiff failed to cite to any legal authority in his brief on appeal. Thus, his argument is abandoned.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan