*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRUMAN HARRISON AND MODESTA
HARRISON TRUST,

       Plaintiff-Appellee,

v

MICHELLE L. ELOWSKI,

       Defendant-Appellant,

and

LEGAL ME, PLLC,

       Defendant.

UNPUBLISHED
May 29, 2026
11:15 AM

No. 373381
Alpena Circuit Court
LC No. 24-002515-CZ

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to plaintiff in this action alleging conversion or embezzlement. We affirm.

Defendant previously represented plaintiff's former trustee. The trustee made a distribution of nearly $295,000 to Legal Me, PLLC (LMP), of which defendant was allegedly the sole member and resident agent. However, defendant only distributed $25,000 to plaintiff's estate. Hearings were held in the probate case regarding this limited distribution. Ultimately, the probate court held defendant in contempt but released her from jail. Consequently, plaintiff filed this underlying suit in circuit court alleging conversion and embezzlement. Plaintiff moved for summary disposition under MCR 2.116(C)(10), and presented documentary evidence in support, relying on defendant's answers to the complaint, defendant's statements made at the probate court contempt hearing, and checks reflecting the distribution to defendant's corporate entity and plaintiff's estate. Defendant challenged the timeliness of the motion and whether a stay was warranted because of the appeal pending in the probate case. Nonetheless, the trial court granted plaintiff's motion for summary disposition.

On appeal, defendant contends that the trial court erred in granting summary disposition because substantively admissible evidence was not presented in the contempt hearing and the trial court did not enter a judgment amount.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Girimonte v Liberty Mut Ins Co*, 348 Mich App 768, 773; 19 NW3d 921 (2023). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Id*. The moving party must identify and support the issues to which the moving party contends there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Pittsfield Charter Twp v Wayne Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). Once the moving party makes and supports its motion the opposing party may not rest on mere allegations or denials in the pleadings but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*.

We do not decide the issue of whether the trial court erred in relying on the transcript of the contempt hearing. Defendant simply failed to brief the issue in this case. Because defendant does not brief the issue, it is unknown if she claims that the probate court violated her Fifth Amendment privilege against self-incrimination, see *Phillips v Deihm*, 213 Mich App 389, 399-400; 541 NW2d 566 (1995), or if defendant simply challenges whether the answers were in an admissible form to support plaintiff's dispositive motion. Further, plaintiff did not merely rely on the contempt hearing statements but also claimed that defendant's answers to the complaint provided a factual basis for entry of summary disposition in its favor. The trial court, in granting summary disposition, indicated that it did so for the reasons set forth in plaintiff's brief. Because defendant does not brief or address this aspect of plaintiff's motion (whether the answers to the complaint properly served as a ground to grant summary disposition) and the trial court's subsequent reliance on it, she failed to demonstrate entitlement to appellate relief.

An appellant may not simply announce a position or assert an error and leave it to the appellate courts to discover and rationalize the basis for the claims and then search for authority to sustain or reject the position. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984). "The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Id*. (quotation marks and citation omitted).[1] Where an appellant fails to dispute the actual basis of the trial court's ruling, this Court need not even consider granting any relief. *Redmond v Heller*, 332 Mich App 415, 559; 957 NW2d 357 (2020); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).

In the present case, plaintiff moved for summary disposition indicating that LMP received nearly $295,000 to disperse to the trust beneficiaries. However, defendant only wrote a check to the estate for $25,000. Plaintiff alleged that defendant's answers to the complaint as well as the transcript in which defendant was held in contempt further reflected that defendant wrongfully converted or embezzled property belonging to the estate. Defendant also does not identify the elements necessary to satisfy conversion or embezzlement and indicate that they were not met.

---

[1] Defendant also claimed that a stay should have been entered in this case until the probate appeal was resolved. Again, defendant failed to brief the propriety of a stay.

Instead, defendant just asserts that a stay should have entered in this case until the probate appeal, Docket No. 370102, was decided. Again, defendant failed to challenge the basis of the trial court's decision and adequately brief the issue. Thus, defendant failed to demonstrate entitlement to appellate relief.

Additionally, although unpreserved, defendant submits that the trial court erred when summary disposition was granted, but no damage award was rendered. Yet, summary disposition is appropriate under MCR 2.116(C)(10) when, except as to "the amount of damages," there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 612; 997 NW2d 755 (2022). The trial court may have granted summary disposition in favor of plaintiff, but it did not receive any proofs regarding the damage award or enter a judgment amount. Thus, defendant may still contest this issue in the trial court. Reversal of entry of the summary disposition decision is not warranted on this ground.

Affirmed.

/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney